Thomas W. STANTON, Appellant,

v.

The STATE of Texas, Appellee.

No. 51434.

Court of Criminal Appeals of Texas.

April 7, 1976.

James E. Walker, Belton, for appellant.

Joe Carroll, Jr., Dist. Atty. and Al W. Schorre, Jr., Asst. Dist. Atty., Belton, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

### OPINION

DALLY, Commissioner.

This is an appeal from a conviction for the delivery of Lysergic Acid Diethylamide; punishment was assessed by the jury at imprisonment for 7½ years.

Appellant contends the trial court erred (1) in failing to declare a mistrial when one juror indicated that the verdict was reached against her will and (2) in allegedly coercing the juror to agree to the verdict against her will.

 The record reflects that after deliberating two hours and fifty minutes at the punishment stage of the trial the jury returned to the courtroom and the following dialogue ensued:

"THE COURT: Ladies and gentlemen of the jury, before I read the verdict, again let me ask you to raise your hand if this is, in fact, a unanimous verdict. Is this unanimous?

"A LADY JUROR: It was, but it was against my will.

"THE COURT: Ma'am?

THE SAME JUROR: It was, but it was against my will.

"THE COURT: Ma'am, I cannot accept it unless it is unanimous.

"THE SAME JUROR: Well, then what happens, Sir?

"THE COURT: What happened?

"THE SAME JUROR: I say, what happens?

"THE COURT: Well, it would be tried over.

"THE SAME JUROR: You mean the guy will get a new trial?

"THE COURT: If you tell me it's not unanimous, I cannot accept it.

"THE REPORTER: Who is the juror?

"THE COURT: Mrs. Herring.

"JUROR HERRING: Well, I changed my vote three times and I felt it was too stiff. My conscious didn't tell me to do this, but it looked like we was hung and that was it.

"THE COURT: Well, Ma'am, before—

"JUROR HERRING: That's the best I can tell you.

"THE COURT: Before we go into—I would rather not go into a discussion with you, I'm not permitted to; but would y'all rather go out and reconsider before we go any further?

"JUROR HERRING: Well, as far as I—

"THE COURT: Rather than declare a mistrial, I want to give you every opportunity to consider, and if you can reach a unanimous verdict before I receive it, otherwise, I will be bound under the law to declare a mistrial and to have a new trial and have to impanel another jury. But if you want to go out and—

"JUROR HERRING: Well, sir, my convictions—

"THE COURT: Well, Ma'am, I cannot—I would rather not discuss it, because I cannot do anything except accept or reject the verdict, because I'm bound under the law not to discuss it with you. The deliberations will have to be among you jurors and not among us. I will give you more time if you like. Y'all can stay out here and we will retire from the courtroom."

The jury then deliberated for thirty-seven more minutes, following which the court was notified that a verdict had been reached; thereafter, the following proceedings were had:

"THE COURT: All right. Now, ladies and gentlemen, let me ask you again, is this your unanimous verdict? Raise your hands if it is.

"THE JURORS: (The jurors raised their hands unanimously.)

"THE COURT: All right. Thank you. Let the record reflect that each juror raised his hand or her hand in response to the court's inquiry that it is a unanimous verdict of the jury.

"'We, the jury, having found the defendant, Thomas W. Stanton, guilty of the unlawful sale of a controlled substance, to-wit: Lysergic Acid Diethylamide, assess his punishment at seven and one-half years imprisonment in the State penitentiary.' Signed, 'Plez Brooks,' Foreman of the jury.

"Do any of you have anything, do you want to poll the jury or ask the jury—

"[DEFENSE ATTORNEY]: Do not, Your Honor.

"[PROSECUTOR]: The State does not, Your Honor."

It is appellant's contention that "the court erred in not declaring a mistrial when a juror indicated that the punishment assessed was against her will." Appellant did not object to the proceedings and did not ask for a mistrial.

When it appeared that the jury's verdict, reached after less than three hours of deliberation, might not have been unanimous, the court asked the jury to retire again in order to ascertain whether further deliberations would produce a unanimous verdict. It has been held that the length of time that the jury may be held for deliberation rests largely in the discretion of the trial court, and unless it is made to appear that the court abused its discretion in this regard, no reversible error is shown. See *Garcia v. State,* 522 S.W.2d 203 (Tex.Cr. App.1975); *Williams v. State,* 476 S.W.2d 300 (Tex.Cr.App.1971).

The jury did not indicate that it was deadlocked; rather, one juror stated that she had voted with the majority though she disagreed with the verdict. *Henderson v. State,* 12 Tex.Rep. 525 (Tex.Sup.1854), concerned similar circumstances and is applicable here; the Court there said:

"While the law respects individual judgment, and will not receive a verdict to which every juror has not yielded his voluntary consent, it cannot prevent him

from yielding, if he will, his own judgment in deference to the opinions of his fellows. And it would perhaps be impossible to administer the law through the means of jury trial, if, in the numerous cases which involve complicated and difficult questions, upon which honest minds may differ in their conclusions, each juror should persist in the conclusions of his own judgment, and would pay no deference to the opinions of his fellow jurors. The law does not require this obstinacy in the maintenance of individual independence of judgment. It expects jurors to compare opinions, and yield such deference as they conscientiously can to the opinions of each other, in order to concur, if possible, in a verdict."

The jury deliberated in all less than three and one-half hours. We perceive no abuse of discretion on the part of the trial court in ordering the jury to continue their deliberations.

The appellant did not make a motion for mistrial. If the court had granted a mistrial sua sponte, without such action being requested or at least concurred in by the appellant, a serious question of former jeopardy might have been raised in a subsequent trial. See *Hunter v. State,* 530 S.W.2d 573 (Tex.Cr.App.1975); *Taylor v. State,* 474 S.W.2d 207 (Tex.Cr.App.1971); *Haywood v. State,* 482 S.W.2d 855 (Tex.Cr. App.1972), footnote # 2; and see *United States v. Jorn,* 400 U.S. 470, 91 S.Ct. 547, 27 L.Ed.2d 543 (1971). This ground of error is overruled.

█ Appellant also contends that the trial court coerced juror Herring to agree to the verdict against her will. It is appellant's position that the court's action in informing juror Herring that if the jury could not reach a unanimous verdict a mistrial would have to be declared coerced her into agreeing to the verdict.

█ Appellant did not object to the conversation between the trial court and juror Herring; therefore, nothing is presented for review. Further, the comments of the court to juror Herring, read as a whole, were not coercive in nature such as to re-quire a reversal. See *Arrevalo v. State,* 489 S.W.2d 569 (Tex.Cr.App.1973); *Calicult v. State,* 503 S.W.2d 574 (Tex.Cr.App.1974). The record does not reflect the effect, if any, the court's comments had upon the jury; appellant made no showing of coercion in fact on motion for new trial or by any other means. *Calicult v. State,* supra. We find no abuse of discretion on the part of the court. This ground of error is overruled.

The judgment is affirmed.

Opinion approved by the Court.