Debbie **RODELA**, Appellant,

v.

**STATE of Texas**, Appellee.

No. 13–83–376–CR.

Court of Appeals of Texas,
Corpus Christi.

Feb. 23, 1984.

———

Nate Rhodes, Corpus Christi, for appellant.

Grant Jones, Corpus Christi, for appellee.

Before KENNEDY, BISSETT and GON-ZALEZ, JJ.

## OPINION

KENNEDY, Justice.

Appellant was indicted with Larry Fernandez for the offense of burglary of a habitation. The case was tried to a jury. During the deliberations on guilt or innocence, the jury sent out a note indicating they were deadlocked 7–5 (yes-no). The Court then sent in an "Allen" or "dynamite" charge to which appellant objected. *See Allen v. United States* 164 U.S. 492, 17 S.Ct. 154, 41 L.Ed. 528 (1896). The jury found the appellant guilty. Punishment was assessed by the jury at five years' confinement in the Texas Department of Corrections, but probation was recommended. We affirm.

Appellant does not question the sufficiency of the evidence; therefore, a recitation of the facts of the case is not required.

Appellant maintains in her first ground of error that the trial court erred in submitting a coercive "Allen" charge, a charge to a deadlocked jury asking them to continue deliberations. The charge submitted by the Court is as follows:

Members of the jury: If this jury, after a reasonable length of time finds itself unable to arrive at a unanimous verdict, it

653

will be necessary for the Court to declare a mistrial and discharge the jury. The indictment will still be pending, and it is reasonable to assume that the case will be tried again before another jury at some future time. Any such future jury will be impaneled in the same way this jury has been impaneled, and the likelihood the same evidence which has been presented to this jury. (sic) The questions to be determined by that jury will be the same as the questions confronting you and there is no reason to hope that the next jury will find those questions any easier to decide than you have found them. With this additional instruction, you are instructed to continue deliberations in an effort to arrive at a verdict which is acceptable to all members of the jury.

This is essentially the same as the charge submitted in *Arrevalo v. State,* 489 S.W.2d 569 (Tex.Cr.App.1973). The Court of Criminal Appeals held that the charge submitted in *Arrevalo* was not coercive and, therefore, there was no error in its submission. Following *Arrevalo,* we find no error in this charge.

Appellant's first ground of error is overruled.

Appellant contends in her second ground that the trial court erred in refusing to grant appellant's motions for mistrial. The record reflects that appellant moved for a mistrial after the "Allen" or "dynamite" charge in response to the note indicating a deadlock at 2:25 p.m. At 4:00 p.m. the record shows that the jury requested to have testimony of several witnesses read back to them. At 4:15 p.m., defendant Fernandez only moved for a mistrial on the grounds that the charge was coercive and a comment on the weight of the evidence. At 5:15 p.m. the Court brought the jury back in and the foreman indicated they were deadlocked. In response to the Court's question of whether there was any reasonable expectation that the jury would reach a verdict the foreman responded "Hopefully is all I can say, Your Honor." The Court then recessed for the weekend and reconvened Monday at 8:30 a.m. at which time the jury continued deliberating until 2:00 p.m. when they reached the verdict complained of.

The record reflects that the jury deliberated for 15 minutes on July 14, 1983, three hours and 15 minutes on the morning of July 15, approximately 3 hours and 45 minutes in the afternoon of July 15, and five and a half hours on July 18. The jury deliberated twelve hours and forty-five minutes. The trial of the case itself took a total of two and one-half days (exclusive of voir dire).

The length of time a jury deliberates is largely discretionary with the trial court and absent a showing of abuse of discretion, there is no reversible error. *Garcia v. State,* 522 S.W.2d 203 (Tex.Cr. App.1975); *Arrevalo.* Appellant, however, contends that under certain circumstances, time in itself is sufficient reason to declare a mistrial. The cases relied on by appellant are inapposite to the proposition since both cases dealt with jeopardy attaching on the *State's* motion for mistrial. *See Henderson v. State,* 593 S.W.2d 954 (Tex.Cr.App. 1980); *Lindsey v. State,* 393 S.W.2d 906 (Tex.Cr.App.1965).

In the instant case, the time of deliberation was not clearly disproportionate to the length of the trial, particularly given the seriousness of the offense. *Hicks v. State,* 545 S.W.2d 805 (Tex.Cr.App.1977).

Appellant further argues that the judge coerced the jurors in favor of acquittal into compromising their viewpoints. The Court did not coerce the minority jurors by her instruction. *See Stanton v. State,* 535 S.W.2d 182 (Tex.Cr.App.1976). The Court's action in sending in the Allen Charge was clearly authorized. *Potter v. State,* 481 S.W.2d 101 (Tex.Cr.App.1972).

The judgment of the trial court is affirmed.