**Robert Lorenzo DAVIS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 13–85–136–CR.**

Court of Appeals of Texas,
Corpus Christi.

March 20, 1986.

Al Thompson, Corpus Christi, for appellant.

Grant Jones, Dist. Atty., Corpus Christi, for appellee.

Before BENAVIDES, UTTER and SEERDEN, JJ.

## OPINION

BENAVIDES, Justice.

A jury found appellant guilty of aggravated robbery and assessed his punishment at life in the Texas Department of Corrections.

█ In his first ground of error appellant contends that the trial court erred in overruling his motion to dismiss, contending that the State violated the Texas Speedy Trial Act, TEX.CODE CRIM.PROC. ANN. art. 32A.02 (Vernon Supp.1986), and argues that the State's timely announcements of ready were ineffective because he was in Travis County when those announcements were made, thereby rendering the announcements ineffective. *Stokes v. State*, 666 S.W.2d 493 (Tex.Crim.App. 1983). We need not address the merits of appellant's complaint because the record in this cause fails to show any evidence of appellant's absence from Nueces County. The pretrial "hearing" on appellant's Speedy Trial motion consists of less than four pages of dialogue between the trial court and the attorneys. Appellant failed to present any evidence on his motion.[1]

Although the trial court indicates that it had already heard testimony in a related case[2] which apparently pertained to the Speedy Trial question, nothing in the record before this Court shows that the State's announcements were ineffective, because appellant was absent from the county of trial. Appellant's first ground of error is overruled.

█ In appellant's second ground of error, he complains that the State was allowed to bolster a witness' in-court identification of appellant. Bolstering constitutes reversible error unless harmless beyond a reasonable doubt. *Landry v. State*, (Tex. Crim.App.1985) (not yet reported). 706 S.W.2d 105.

The witness was an employee of a grocery store who was approached by a man asking for change. The request for change turned out to be a pretext to the robbery of the grocery. The witness picked appellant's photo from a photo spread a month after the incident. At trial, the witness identified appellant as the man who robbed her.

During appellant's cross-examination of the witness, she estimated appellant to be approximately forty years old. She admitted that she had initially told the police that the person who robbed her was in his twenties. The witness did not recall the description she gave as to the robber's clothes or his weight. Appellant also attempted to impeach her on whether the man who robbed her had asked her for $100.00 in quarters or $20.00 in quarters.

After the witness testified, the State called a police officer who testified that the witness had picked appellant's photo from a photographic line-up. Appellant contends this constituted bolstering.

---

1. Nor is there any undisputed discussion between counsel and the trial court which would support appellant's assertions under this ground of error. *See Canada v. State*, 660 S.W.2d 528 (Tex.Crim.App.1983); *Quevedo v. State*, 661 S.W.2d 321 (Tex.App.—Corpus Christi 1983, pet. ref'd).

2. Referring to a robbery case which was tried separately at the request of defendant. The conviction in that case was affirmed by our Court on February 6, 1986; the speedy trial point was also overruled in that cause. *Davis v. State*, No. 13–84–439–CR (Tex.App.—Corpus Christi, February 6, 1986, no pet.) (not reported).

As recently stated in *Sledge v. State*, 686 S.W.2d 127, 129 (Tex.Crim.App.1984):

> It is the rule that while a witness who has identified her assailant at the trial may testify that she also identified him while he was in custody of the police, others may not bolster her *unimpeached* testimony by corroborating the fact that she did identify him. [Emphasis ours.]

> \* \* \* \* \* \*

Once identification testimony of that complainant is impeached, however, third party corroboration may become admissible as a method of rehabilitating the witness. Conceptually, corroboration following impeachment is not to be considered "bolstering." Hence, third party testimony as to an extrajudicial identification will be admitted where it serves to rehabilitate a complainant's identification testimony that has been subjected to impeachment.

In *Roney v. State*, 632 S.W.2d 598 (Tex. Crim.App.1982), the Court emphasized that the witness' identification need not be discredited before the testimony of a third party as to the witness' extrajudicial identification is admissible. That Court followed earlier authorities, holding that such evidence is admissible when the defendant attempts to impeach the testimony of an identifying witness, so long as the attempt is of a "sufficient degree." The *Roney* Court cited with approval *Smith v. State*, 520 S.W.2d 383 (Tex.Crim.App.1975). In *Smith*, it was shown through cross-examination that the witness did not previously know the assailant, did not know what the assailant was wearing, did not know whether the assailant had a moustache or facial hair, and did not remember the height of the assailant. In light of that impeachment or attempted impeachment, the Court held the third-party testimony admissible.

In the present case, the witness "was impeached or attempted to be impeached," with respect to the age, weight, and description of the assailant and at least one circumstance of the robbery. The cross-examination raised a question concerning the witness' ability to recall accurately the events of the day she was robbed, including the identification of appellant. The witness was impeached to a sufficient degree to authorize the third party identification. The police officer's testimony was not bolstering. Appellant's second ground of error is overruled.

■ In his third ground of error, appellant contends that the trial court coerced the jury into reaching a guilty verdict through a "dynamite" or "Allen" charge. *Allen v. United States*, 164 U.S. 492, 17 S.Ct. 154, 41 L.Ed. 528 (1896). The docket sheet shows that trial began on March 11, 1985, with the State making its opening statement at 3:32 p.m. At a time which the record does not reveal, the court was recessed until the following morning. On March 12, 1985, court reconvened at 9:15 a.m. and the State rested at 9:16 a.m. After a recess, the defense began its case at 9:45 and rested at 10:18 a.m. Closing arguments were finished by 11:58 a.m.

The jury began deliberating and worked through lunch. At 3:25 p.m., the jury sent out a note stating that they had not reached a unanimous decision. The vote was 10–2. The trial court instructed the jury to return for further deliberations. At 4:20 p.m. the jury sent another note stating that "the vote remains the same."

The court then instructed the jury as follows:

> Members of the jury: I see no reason why you jurors are not as competent, are not as able, nor as likely to decide the disputed issues of fact in this case, and decide them right, as the next jury that may be called to determine such issues. I do not want you to understand by what I say that you are going to be made to agree, or that you are going to be kept out until you do agree. I do want you to understand that it is your duty to make an honest and sincere attempt to arrive at a verdict. Jurors should not be obstinate; they should be open-minded; they should listen to the arguments of others, and talk matters over freely and fairly, and make an honest effort, as fair-mind-

ed men and women, to come to a conclusion on all of the issues presented to you.

Before sending the jury back for more deliberations, the court stated:

I'm going to ask you to deliberate a little bit further and see if you can arrive at a verdict. If I don't hear from you within the next hour you will be hearing from me, okay?

The jury returned to the jury room at 4:27. The jury reached a guilty verdict at 4:47 p.m.

Appellant contends the supplemental charge to the jury was a coercive "Allen" or "dynamite" charge. He argues the additional pressure of the one hour time constraint imposed by the Court coupled with the supplemental charge combined together in the minds of the jury to produce a change in vote to the detriment of appellant. Appellant further alleges that while the court's action was "subtle," its effect was profound and effectively invaded the province of the jury.

The State argues that the above charge is "less forceful than similar charges approved" by Texas courts, citing *Arrevalo v. State*, 489 S.W.2d 569 (Tex.Crim.App.1973), and *Rodela v. State*, 666 S.W.2d 652 (Tex. App.—Corpus Christi 1984, pet. ref'd.).

In *Arrevalo*, a similar charge was held to be noncoercive. The facts in *Arrevalo* are different from the present case, however, as the jury there was deadlocked on *punishment*, not on guilt, and the record fails to show how long the jury deliberated after resuming deliberations and reaching a verdict. Thus, in *Arrevalo*, a possibly coercive result is not apparent from the timing of events.

In *Rodela*, essentially the same charge as given in *Arrevalo* was submitted to the jury during the guilt phase of trial. In *Rodela*, however, the trial court gave the charge at 2:25 p.m. The jury deliberated for the remainder of that day, was recessed for the weekend, reconvened at 8:30 on Monday morning and did not reach a verdict until 2:00 p.m. Thus, the cases cited by the State are factually distinguishable. In neither case did the jury reach a verdict

shortly after being instructed to deliberate further.

Nonetheless, the two cases cited by the State are instructive. Both held that instructions similar to the one submitted to the jury in this case were not coercive. This point is significant, because an instruction will constitute reversible error only if, on its face, it is so improper as to render jury misconduct likely, or jury misconduct is demonstrated to have occurred in fact. *Calicult v. State*, 503 S.W.2d 574, 576 fn 3 (Tex.Crim.App.1974). *Cf. Stanton v. State*, 535 S.W.2d 182 (Tex.Crim.App. 1976). Since the instruction is noncoercive, we cannot hold that it rendered jury misconduct likely. Appellant therefore had to show that jury misconduct occurred in fact. No motion for new trial was filed alleging any jury misconduct. TEX.CODE CRIM. PROC.ANN. art. 40.03 (Vernon 1979). No jury misconduct, in fact, is shown from the record. Appellant's third ground of error is overruled.

◼ In his fourth ground of error appellant contends that the indictment should have been quashed because it alleged more than one robbery offense. Appellant acknowledges that TEX.CODE CRIM.PROC. ANN. art. 21.24 (Vernon 1974) permits joinder of offenses arising out of the "same criminal episode," and that "same criminal episode" is defined as the repeated commission of an offense defined in Title 7 of the Penal Code (Offenses Against Property). TEX.PENAL CODE ANN. art. § 3.01 (Vernon 1974). Appellant then notes that robbery is a form of assault, not theft, and argues that robbery should be excepted from Title 7 for the purposes of joinder under the rule permitting multi-count indictments. Appellant cites *Hightower v. State*, 629 S.W.2d 920 (Tex.Crim.App.1981). While the *Hightower* Court did hold that robbery is a form of assault, robbery is included with Chapter 7 of the Penal Code, and thus multiple counts of robbery may be alleged in the same indictment. *Benavidez v. State*, 655 S.W.2d 233 (Tex.App.—Cor-

pus Christi 1983, pet. ref'd). Appellant's fourth ground of error is overruled.

The judgment of the trial court is AFFIRMED.