**Jewell Lesslie COLEMAN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–87–00993–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

Oct. 27, 1988.

James Stafford, Bob C. Hunt, Houston, for appellant.

John B. Holmes, Dist. Atty., Harris County, for appellee.

Before Jack SMITH, DUNN and DUGGAN, JJ.

## OPINION

DUGGAN, Justice.

A jury found appellant guilty of aggravated robbery, found the enhancement allegations to be true, and assessed his punishment at confinement for life.

In his first point of error, appellant contends that the trial court erred in overruling his motion to dismiss on speedy trial grounds in violation of U.S. Const. amend. VI and XIV and Tex. Const. art. I, sec. 10.

The applicable standard to determine whether appellant's constitutional right to a speedy trial has been violated is the balancing test articulated in *Barker v. Wingo*,

407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). Four factors must be considered: the length of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant. *Id.* at 530, 92 S.Ct. at 2192.

The record reflects the following significant dates:

May 15, 1986   Complaint filed.

May 29, 1986   Appellant indicted, cause number 449517.

May 30, 1986   State announces ready (cause number 449517).

May 31, 1986   Appellant incarcerated.

June 18, 1986   Agreed resetting to 7/11/86 (cause number 449517).

July 11, 1986   New counsel appointed, case reset to July 25, 1986.

July 11, 1986   State announces ready (cause number 449517).

July 25, 1986   Agreed resetting to 8/26/86 (cause number 449517).

August 26, 1986   New counsel appointed.

August 27, 1986   Agreed resetting to 9/17/86 for motions, 10/6/86 for jury trial (cause number 449517) (notation on setting form states "to give defendant recommendation at motion setting").

August 28, 1986 Appellant reindicted, cause number 457296 (the instant appeal).

October 16, 1986   Motion for speedy trial filed, based on article 32A.02 (cause number 449517 only).

October 20, 1986   Agreed resetting to 12/8/86 (cause numbers 449517 and 457296), signed by defense counsel only. Record reflects court involved in a capital murder trial.

December 8, 1986   Agreed resetting to 2/9/87 (cause numbers 449517, 457296, 461172). Record reflects court involved in a capital murder trial (notation on setting form states "State is ready. Preferential").

February 9, 1987   Agreed resetting to 3/23/87 (all three cause numbers), signed by defense counsel only. Record reflects that trial judge was attending judicial conference.

March 18, 1987   Agreed resetting to 4/24/87 (all three cause numbers) (notation on setting form states "Attny to subpoena the Grand Jurors on motion"). Record also indicates defense attorney was representing another client in a capital murder case.

April 24, 1987   Agreed resetting to 6/22/87 (all three cause numbers).

June 16, 1987   Motion for speedy trial filed, based on article 32A.02 (all three cause numbers).

June 22, 1987   Agreed resetting to 7/27/87 (all three cause numbers) (notation on setting form states that "defendant atty not ready due to his failure to properly issue out-of-state sup[boena] [sic]") Motion for continuance of defense was granted.

July 22, 1987   Pro se motion for speedy trial based on federal and statutory constitutional grounds (adopted later by defense counsel) (cause numbers 457296 and 461172).

July 27, 1987   Off docket reset to 8/25/87, carried for trial (all three cause numbers).

August 25, 1987   Agreed resetting to 10/26/87 (all three cause numbers). Record reflects that State's material witness was out of the country.

October 26, 1987   Case carried day-to-day for trial.

November 2, 1987   Speedy trial hearing conducted and motion overruled.

November 3, 1987   Trial began in cause number 457,296.

November 6, 1987   State dismisses cause number 449517, which was reindictment of 457296.

■   Although the length of the delay between the arrest and trial was 16 months, the delays can be attributed to justifiable excuses, such as the appointment of new counsel, agreed resets, crowded court dockets (capital murder trials), a judicial conference, a continuance by defense counsel, and missing material State's witnesses. Only 69 days are chargeable to the State and are not excluded by the agreed resets (September 17, 1986 to October 20, 1986; July 27, 1987 to August 25,

1987; and October 26, 1987 to November 2, 1987). Moreover, the prejudice to appellant was minimal. He complains on appeal that alibi witnesses were unavailable because of the length of delay, but the record reflects that a credible alibi defense witness, a Florida peace officer, did testify at his trial.

Appellant argues that four alibi witnesses from Florida would have been available to testify in August of 1986; however, the record indicates that Judge Blanchard, Chief Judge of the First Judicial Circuit Court of Florida, was excusing the witnesses, except for appellant's wife, from the subpoenas because of hardship. The record also reflects that seven agreed resets were signed by appellant's counsel after August of 1986.

When applying the *Barker v. Wingo* balancing test to the facts in the instant case, it is clear that appellant's constitutional right to a speedy trial was not impaired.

Point of error one is overruled.

In his second and third points of error, appellant contends that the trial court erred in overruling his motion to suppress the in-court identification of appellant by Madan Goel, Ajay Kumar Gupta, and Lance Earl Laverell because it was based on an impermissibly suggestive pre-trial photographic array. He also contends that the court erred in failing to suppress the introduction of a photocopy of the photographic array.

The two-part test to be used when challenging a pre-trial identification proceeding is set forth in *Simmons v. United States*, 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968). First, the photographic display itself must be impermissibly suggestive; and next, it must give rise to a very substantial likelihood of irreparable misidentification. *See also Limuel v. State*, 568 S.W.2d 309, 312 (Tex.Crim.App.1978). In determining whether a photographic display is impermissibly suggestive, thus tainting the in-court identification, the totality of the circumstances surrounding the identification should be examined. *Id.*

■ Factors to be considered in evaluating the likelihood of misidentification because of the suggestiveness of the confrontation procedures for the purpose of determining the admissibility of the out-of-court identification include: (1) the opportunity of the identification witness to view the criminal act at the time of the crime; (2) the witness' degree of attention; (3) the accuracy of the prior description; (4) the level of certainty demonstrated by the identification witness at the confrontation; and (5) the length of time between the confrontation and the crime. *Manson v. Brathwaite*, 432 U.S. 98, 97 S.Ct. 2243, 53 L.Ed. 2d 140 (1977); *Neil v. Biggers*, 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972).

■ Sergeant Daniel Silva testified that the photospread was shown to six witnesses, Madan Goel, Ajay Kumar Gupta, Lance Earl Laverell, Angelia James, William Pattie, and Chuck Nielsen. He stated that the original photospread was lost, but the photocopy of the original showed six black males with the same general characteristics. The photos were selected based on an identification description in the offense report—black male; 25 to 30 years of age; six-foot, two-inches to six-foot, three-inches tall; 180 pounds; black, curly, short hair; light brown complexion with facial hair. Goel and Laverell tentatively identified appellant's picture, while Gupta made a positive identification. The actual robbery occurred on May 12, 1986, and the photospread viewing occurred three days later on May 15, 1986.

Lance Laverell testified that the police officers asked him only if anyone in the photo array was the person who committed the robbery. He also testified that his identification of appellant in court was based on his memory of the actual robbery and not based on viewing appellant's picture in the photospread, or seeing him sitting at defense counsel's table. Madan Goel and Ajay Kumar Gupta also testified that their in-court identifications of appellant as the robber was based on their memory of the robbery.

■ In reviewing the photospread and the evidence at the motion to suppress, we find that the pre-trial identification procedures were not impermissibly suggestive.

Moreover, even assuming that there was any alleged taint of a witness' court identification by an improper pre-trial photospread identification, any taint is removed by the witness' testimony that his in-court identification was based solely on his recollection of the robbery. *See United States v. Wade*, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967); *Jackson v. State*, 628 S.W.2d 446 (Tex.Crim.App.1982).

■ Appellant also contends that the xerox copy of the photospread violated Tex.R. Crim.Evid. 1003, the best evidence rule, because the copy is so unclear that it is illegible. Sergeant Silva testified that the original copy of the photospread was "misplaced" and that they were attempting to locate it in the robbery division. Tex.R. Crim.Evid. 1004(1) states that an original photograph is not required if the originals have been lost or destroyed, unless the proponent lost or destroyed them in bad faith.

Although the photocopy is not clear, the identification procedure was based on the original photospread. The trial court could determine the suggestiveness of the array based on the testimony of the witnesses and based on the copy because it was clear enough to determine that the characteristics of the individuals were sufficiently similar.

Points of error three and four are overruled.

■ Appellant's fourth point of error contends that the trial court erred in overruling his objection to the testimony of Sergeant Silva because it impermissibly bolstered the unimpeached identification testimony of the witnesses Goel, Gupta, and Laverell.

Appellant objected at trial as follows: "[a]s far as Mr. Gupta, any response by this officer would be possibly bolstering of the previous unimpeached testimony of Mr. Gupta's identification." After Sergeant Silva testified that Goel and Laverell also identified appellant's picture, appellant again objected, stating "this whole particular line of questioning is bolstering and I object." We find that appellant's objection was sufficient to preserve error as to all three witnesses.

■ Generally, while a witness who identifies an assailant at trial may testify that he or she also made an extrajudicial identification of the assailant, other witnesses may not bolster the witness' unimpeached testimony by corroborating the extrajudicial identification. *Lyons v. State*, 388 S.W.2d 950, 951 (Tex.Crim.App.1965). Once identification testimony is impeached, third party corroboration may be admissible as a method of rehabilitating the witness. *Sledge v. State*, 686 S.W.2d 127, 129 (Tex.Crim.App.1984).

In *Roney v. State*, 632 S.W.2d 598 (Tex. Crim.App.1982), the court held that the testimony of a third party as to the witness' extrajudicial identification is admissible even though the witness' testimony is not discredited, as long as the defendant's attempt to impeach the testimony is of a "sufficient degree." *Id.* at 600–01. In *Smith v. State*, 520 S.W.2d 383 (Tex.Crim. App.1975), it was shown through cross-examination that the witness did not previously know the assailant, did not know what the assailant was wearing, did not know whether the assailant had a moustache or facial hair, and did not remember the height of the assailant. In light of that impeachment or attempted impeachment, the court held that the third-party testimony was admissible. In *Davis v. State*, 709 S.W.2d 288 (Tex.App.—Corpus Christi 1986, pet. ref'd), *cert. denied*, 481 U.S. 1057, 107 S.Ct. 2198, 95 L.Ed.2d 853 (1987), where the cross-examination raised a question concerning the witness' ability to accurately recall the events of the day that she was robbed and the description of the assailant, the court held that the witness was impeached to a sufficient degree to authorize the third party identification. *Id.* at 290.

All three witnesses, Goel, Gupta, and Laverell, positively identified appellant in court as the robber. Both Gupta and Goel testified that they identified appellant in a pre-trial photospread. Laverell testified on cross-examination that he could not remember what kind of shirt, pants, or shoes the

robber was wearing, or whether he had any rings or watches on his hands. He also stated that prior to the date of the robbery he had never seen the robber before. Laverell admitted that appellant was the only black man in court, sitting at counsel table, when he made his in-court identification. He also admitted that he viewed the robber for only a very short period of time, and that he had, in his life, misidentified people before.

On cross-examination, Goel testified that he could not remember what kind of shirt, pants, or shoes the robber was wearing, nor the color of his eyes, nor what kind of hair he had, nor if he wore sunglasses or had unusual teeth. He also testified that he was unable to make a positive identification from the photospread. He stated that he was aware that the accused robber would be sitting next to defense counsel in court.

Gupta testified that he also could not recall what kind of clothing the robber wore, or whether he had on a hat or sunglasses. He testified that a female entered the store with the robber, but he could not recall what she looked like. He likewise did not recall whether there were customers in the store, whether the police talked to everyone in the store about the robbery, what day of the week the robbery occurred, whether the robber held the gun in his left or right hand, or where he was located in relation to the robber when the robber reached the end of the counter.

We hold that attempted impeachment of these witnesses occurred to a "sufficient degree," concerning their ability to accurately recall the robbery, to authorize the third party identification by Sergeant Silva.

Point of error four is overruled.

The judgment is affirmed.