In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-02-00159-CR


______________________________




JOSHUA ANTEZ FREEMAN, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 124th Judicial District Court


Gregg County, Texas


Trial Court No. 29,347-B




 




Before Morriss, C.J., Carter and Cornelius,* JJ.


Opinion by Justice Cornelius



_________________________________________

*William J. Cornelius, Chief Justice, Retired, Sitting by Assignment


O P I N I O N



 Joshua Antez Freeman was convicted, in a jury trial, of burglary of a habitation. The jury
assessed his punishment, enhanced by a prior conviction, at forty years' imprisonment. In his sole
issue on appeal, Freeman contends the trial court erred in instructing the jury to retire to deliberate
as to his punishment after the court had accepted the jury's verdict as to his codefendant's
punishment. Freeman argues that the combined effect of an Allen (1) charge the court gave to the jury
and the court's acceptance of the verdict on punishment against his codefendant coerced the jury into
reaching the verdict as to his punishment. We overrule this contention and affirm the judgment.

 At approximately 10:00 a.m. on March 6, 2002, Mary Aguilar left her home to go to a
neighbor's home for coffee. At approximately 11:50, another neighbor saw a man who was carrying
a bag leave Aguilar's house. The neighbor saw another man "pop" his head out of a window from
inside Aguilar's house. The neighbor called police, who apprehended two suspects in the area. The
neighbor identified the two men as those he had previously seen at Aguilar's house. John Thomas
Allen, the codefendant, and Freeman, the appellant, were charged with burglary of a habitation and
tried jointly before a jury. The jury returned a verdict of guilty against both Allen and Freeman. 
After several hours of deliberation on the day of trial and the following morning, the jury informed
the trial court that it was deadlocked concerning punishment as to both defendants. The trial court
gave the jury an Allen charge, also known as a "dynamite" charge, and sent it back for further
deliberations. The jury later informed the court it had reached a decision concerning Allen's
punishment, but was still deadlocked as to Freeman's punishment. The trial court sent the jury back
for further deliberations. Over Freeman's objection and motion for mistrial, the trial court then
accepted the verdict concerning Allen and sentenced him according to the punishment assessed by
the jury, which was eighteen years' imprisonment. The jury later returned a verdict assessing
Freeman's punishment at forty years' imprisonment. 

 Freeman contends that sending the jury back for further deliberations after accepting the
verdict against Allen, combined with the Allen charge, coerced the jury in reaching a verdict as to
Freeman's punishment. Freeman does not raise the issue of whether the Allen charge is coercive of
itself. (2) 

 Freeman contends that the trial court abused its discretion in denying his motion for mistrial. 
He argues that the combined allegedly coercive nature of the Allen charge and the court's acceptance
of separate verdicts required a mistrial. 

 The trial court may declare a mistrial when an error occurs that is so prejudicial that the
expenditure of further time and expense would be wasteful. Wood v. State, 18 S.W.3d 642, 648
(Tex. Crim. App. 2000). The trial court may properly declare a mistrial if an impartial verdict cannot
be reached, or if a verdict of conviction would have to be reversed on appeal because of error. Id. 
The denial of a motion for mistrial is reviewed under an abuse of discretion standard. Ladd v. State,
3 S.W.3d 547, 567 (Tex. Crim. App. 1999). Therefore, we must determine whether the trial court's
returning the jury to deliberate prevented an impartial verdict from being reached in the context of
the Allen charge and the acceptance of the verdict against Allen.

 Both the United States Supreme Court and the Texas Court of Criminal Appeals have
accepted the use of a supplemental Allen charge. Allen v. United States, 164 U.S. 492 (1896);
Howard v. State, 941 S.W.2d 102, 123 (Tex. Crim. App. 1996). The trial court gave the following
version of an Allen charge to the jury:

 Members of the jury, I have your note that you are deadlocked. In the interest of
justice, if you can reach a verdict, you should do so. I do not mean to say an
individual juror should yield his or her own conscience and positive conviction. But
I do mean that when you are in the jury room, you should discuss this matter
carefully, listen to each other, and try, if you can, to reach a verdict. It is your duty
as a juror to keep your mind open and free to every reasonable argument that may be
presented by your fellow jurors so that this jury may arrive at a verdict that justly
answers the consciences of the individuals making up this jury. You should not have
any pride of opinion and should avoid hastily forming or expressing an opinion. At
the same time, you should not surrender any conscientious views founded on the
evidence unless convinced of your error by your fellow jurors. If you fail to reach a
verdict, this case may have to be tried before another jury. Then all our time will
have been wasted. Accordingly, I ask you to continue your deliberations.


Similarly worded jury charges have been held not coercive in civil cases. See Stevens v. Travelers
Ins. Co., 563 S.W.2d 223, 225 (Tex. 1978); Golden v. First Nat'l Bank, 751 S.W.2d 639, 641 (Tex.
App.-Dallas 1988, no writ). However, some circumstances may result in a coercive and improper
Allen charge. (3) "The primary inquiry to determine the propriety of an Allen . . . charge is its coercive
effect on juror deliberation, 'in its context and under all circumstances.'" Howard v. State, 941
S.W.2d at 123 (citing Jenkins v. United States, 380 U.S. 445, 446 (1965)). While an Allen charge
that specifically addresses a minority of the jurors "might engender coercion," a charge that speaks
to the jury as a whole is not coercive on its face. Id. at 123-24. The charge in question here
addresses the jury as a whole and does not single out any specific juror or jurors. The charge simply
encourages the jury to reach a verdict and asks the jurors to re-examine their views. The trial court
may properly encourage jurors to re-examine their own views and, while not surrendering honest
convictions, to change their opinions if convinced from the evidence that they are erroneous. Jones
v. State, 986 S.W.2d 358, 362 (Tex. App.-Beaumont 1999, pet. ref'd). An instruction that a mistrial
would have to be declared is not, of itself, coercive. Stanton v. State, 535 S.W.2d 182, 183 (Tex.
Crim. App. 1976). We conclude that the charge here is not coercive on its face.

 Freeman contends that returning the jury to deliberate after it had reached a verdict against
his codefendant was inherently coercive. He fails to cite any caselaw or other authority for this
argument. (4) Returning the jury to deliberate after accepting a verdict against a codefendant simply
focuses the deliberations on the remaining defendant. We do not believe that such individual
attention harms the remaining defendant in any way. A supplemental charge to the jury to continue
its deliberations, without any additional language, is not coercive. Muniz v. State, 573 S.W.2d 792,
794 (Tex. Crim. App. 1978). Consequently, returning the jury to further deliberate was not
inherently coercive. The only question remaining is whether the trial court's action resulted in
coercion in fact.

 If an Allen charge is not coercive on its face, an appellant has the burden to show that jury
misconduct occurred in fact. Bledsoe v. State, 21 S.W.3d 615, 623 (Tex. App.-Tyler 2000, no pet.); 
Love v. State, 909 S.W.2d 930, 936 (Tex. App.-El Paso 1995, pet. ref'd); Davis v. State, 709 S.W.2d
288, 291 (Tex. App.-Corpus Christi 1986, pet. ref'd). We believe this standard is appropriate in this
case. Because neither the Allen charge, nor the acceptance of a separate verdict against the
codefendant, is inherently likely to result in misconduct, Freeman has the burden to prove that
coercion actually occurred. He has presented no evidence of coercion caused by the combined effect
of the Allen charge and acceptance of a verdict against the codefendant. Freeman simply speculates
that the combined effect of the two actions created coercion. In the absence of any evidence of
coercion, we cannot conclude that the trial court abused its discretion in denying the motion for
mistrial.






 For the reasons stated, we affirm the judgment.


 William J. Cornelius*

 Justice


*Chief Justice, Retired, Sitting by Assignment


Date Submitted: April 2, 2003

Date Decided: August 15, 2003


Publish
1. Allen v. United States, 164 U.S. 492, 501-02 (1896).
2. While Freeman's attorney objected to the Allen charge that the trial court originally intended
to give the jury, he did not object to the Allen charge that was eventually given to the jury. Failure
to object or otherwise draw the court's attention to the alleged coercive nature of the particular Allen
charge given waived any error. Tex. R. App. P. 33.1(a)(1); see Bledsoe v. State, 21 S.W.3d 615 (Tex.
App.-Tyler 2000, no pet.).
3. See Wayne F. Foster, Annotation, Instructions Urging Dissenting Jurors in State Criminal
Case to Give Due Consideration to Opinion of Majority (Allen Charge)-Modern Cases, 97 A.L.R.3d
96 (1980). 
4. Failure to cite authority for an argument may justify dismissal under the Texas Rules of
Appellate Procedure. See Tex. R. App. P. 38.1(h).



ocked="false" Priority="68" SemiHidden="false"
 UnhideWhenUsed="false" Name="Medium Grid 2 Accent 3"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 












 
 
 
 
 
 
 




 

 

 

 

 

 

 

 

 

                                                         In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No.
06-10-00095-CV

                                                ______________________________

 

 

 

                                                                        IN
RE:

COYT
RANDAL JOHNSTON

 

 

                                                                                                  


 

                                                                                                                            


                                                     Original
Mandamus Proceeding

 

                                                                                                  


 

 

 

 

                                          Before
Morriss, C.J., Carter and Moseley, JJ.

                                        Memorandum
Opinion by Chief Justice Morriss

                                                                              

                                                                              








                                                      MEMORANDUM
OPINION

 

            Coyt Randal Johnston has filed a
petition asking this Court to issue a writ of mandamus to prevent an ordered
pre-suit deposition.  We have stayed the
ordered deposition pending our decision in this proceeding.

            Judge Carlos Cortez filed a petition
in Dallas County[1] pursuant to
Rule 202 of the Texas Rules of Civil Procedure in which he sought an order to
take Johnstons pre-suit deposition.  Tex. R. Civ. P. 202.  The underlying facts show that Cortez,
a Dallas district judge, is considering filing a defamation suit against
Johnston, a Dallas attorney, based on allegedly defamatory statements[2]
made by Johnston about Cortez to the media and to a number of attorneys and
judges in Dallas in late October 2009.

            Cortez sought to take only Johnstons
deposition and named and served only Johnston in connection with his
request.  Cortez bases his anticipated
lawsuit on e-mail correspondence sent by Johnston; Cortezs counsel stated at
the hearing that a suit can be brought against Mr. Johnston.  At the hearing, Cortezs counsel testified
that five other sitting judges or justices in Dallas were mentioned in [Johnstons]
e-mails.  Counsel further stated that
those five judges may be the sources [of the information uttered by Johnston],
or there may be other judges who are the sources of this information.

            Mandamus issues only when the
mandamus record establishes (1) a clear abuse of discretion or the violation of
a duty imposed by law and (2) the absence of a clear and adequate remedy at
law.  Cantu
v. Longoria, 878 S.W.2d 131 (Tex.
1994) (orig. proceeding); Walker v.
Packer, 827 S.W.2d 833, 83940 (Tex. 1992) (orig. proceeding); In re Pilgrims Pride Corp., 187 S.W.3d 197, 198 (Tex.
App.Texarkana 2006, orig. proceeding). 
Mandamus is an extraordinary remedy that will issue only to correct a
clear abuse of discretion or, in the absence of another statutory remedy, when
the trial court fails to observe a mandatory statutory provision conferring a
right or forbidding a particular action. 
Abor v. Black, 695 S.W.2d 564,
567 (Tex. 1985) (orig. proceeding).  A
trial court abuses its discretion when it acts without reference to any guiding
rules or principles or when it acts in an arbitrary or unreasonable
manner.  Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238, 24142 (Tex. 1985).

            A trial court has no discretion
in determining what the law is or applying the law to the facts.  In re
Jorden, 249 S.W.3d 416, 424 (Tex. 2008); Huie v. DeShazo, 922 S.W.2d 920, 92728 (Tex. 1996); Walker, 827 S.W.2d at 840.  Consequently, a trial courts erroneous legal
conclusion, even in an unsettled area of law, is an abuse of discretion.  Huie,
922 S.W.2d at 92728.

            Rule 202 of the Texas Rules of Civil
Procedure permits a person to petition a trial court for an order authorizing a
deposition before suit is filed.  Tex. R. Civ. P. 202.1.  The deposition may be taken to perpetuate
testimony for use in an anticipated suit or to investigate a potential claim or
suit.  Id.  A deposition may be
ordered only if the trial court finds that allowing the petitioner to take the
requested deposition may prevent a failure or delay of justice in an
anticipated suit or, where the deposition is to investigate a potential claim,
that the likely benefit outweighs the burden or expense of the procedure.  Tex.
R. Civ. P. 202.4(a).

            Appeal is not an adequate remedy
from such an order.  In re Christopher Allan, M.D., 191 S.W.3d 483 (Tex. App.Tyler
2006, orig. proceeding), mand. granted,
249 S.W.3d 416 (Tex. 2008).  The ruling
is interlocutory if discovery is sought from a person against whom there is a
suit pending or against whom a suit is specifically contemplated.  IFS Sec.
Group, Inc. v. Am. Equity Ins. Co., 175 S.W.3d 560, 563 (Tex. App.Dallas
2005, no pet.); Thomas v. Fitzgerald,
166 S.W.3d 746, 747 (Tex. App.Waco 2005, orig. proceeding).  Here, Cortez has identified Johnston as an
anticipated defendant in a defamation action, and against others not so named
in his petition.  Because the order is
interlocutory and not immediately appealable, this is a type of situation in
which mandamus relief could be available, if the trial court abused its
discretion.

            The question, then, is whether
mandamus relief is available on these facts under the application of this rule.  We deny the petition because (1) the trial
court was within its discretion in impliedly finding that Cortez did not
identify any named judges as anticipated defendants; and (2) the trial
court was within its discretion in finding that the deposition is necessary to
avoid a failure or delay of justice and that the depositions benefits outweigh
its burdens.

 

 

 

 

 

(1)        The Trial Court Was Within Its Discretion in Impliedly
Finding that Cortez Did Not Identify any Named Judges as Anticipated Defendants

 

            Johnston contends that, because
Cortez did not serve notice on the five individual judges named at the hearing,
the petition for deposition must be denied. 
Cortez argues that the rule requires service only on the individual
sought to be deposed, relying on Rule 202.2(g) of the Texas Rules of Civil
Procedure.  In making this argument,
Cortez disregards Rules 202.3(a) and 202.2(f)(1).  Building on the foundation of Rule
202.2(f)(1), Rule 202.3(a) requires service not just on the witness, but also, if
suit is anticipated, on all persons petitioner expects to have interests
adverse to petitioners in the anticipated suit.

            Johnston contends that, in
mentioning the five judges at the hearing, Cortez identified them as potential
defendants and, thus, should have been required to serve them with notice of
the hearing to support a valid deposition order.  We disagree.

            A few judges were specifically
identified by Cortez at the hearing as having been mentioned by Johnston in connection with his report or allegations
against Cortez.  At the hearing, Cortezs
counsel testified in context about those judges:

I know that a suit can be brought against Mr.
Johnston.  What I dont know is who these
judges are who purportedly made these remarks to him because there would be
pretty obvious liability on their part. 
And it is not my practice and should not be the practice of any lawyer
to sue people that should not properly be a litigant or defendant.

 

There are at least five judges mentioned in
[Johnstons] e-mails, . . . including [five specifically named here,] who may
be the sources, or there may be other judges who are the sources of this
information.

 

I have tried to obtain information as to who
those judges were, and I have been unable to do so.  And without filing a 202 petition, I cannot
obtain the information about those judges, and I do not want to file a lawsuit
that would name these judges or identify or sue these judges or any of them
without having obviously [sic] evidence to support my allegation.

 

The
foregoing testimony never accuses any of the judges of being a source of
defamatory material.  It simply says that
they were mentioned in Johnstons e-mails and speculates that they may or may
not have been Johnstons sources.  While
the trial court might have been within its discretion had it found that the
five judges were thus identified as persons [Cortez] expects to have interests
adverse to [Cortezs] in the anticipated suit against Johnston, such is not
the case here.  It was certainly well
within the trial courts discretion to have found that they were not so identified.  See
Tex. R. Civ. P. 202.2(f)(2).

            Therefore, we conclude that Cortezs
failure to serve notice of the hearing on the five mentioned judges does not support
Johnstons requested mandamus relief.[3]

 (2)      The Trial Court Was Within Its Discretion
in Finding that the Deposition Is Necessary to Avoid a Failure or Delay of
Justice and that the Depositions Benefits Outweigh Its Burdens

 

            The remaining arguments revolve
around the application of Rule 202.4 of the Texas Rules of Civil Procedure.  The rule states that the court 

must order a deposition to be taken if, but only
if, it finds that:

 

(1) 
allowing the petitioner to take the requested deposition may prevent a
failure or delay of justice in an anticipated suit; or

 

(2)  the
likely benefit of allowing the petitioner to take the requested deposition to
investigate a potential claim outweighs the burden or expense of the
procedure.  

 

In the
order entered in this case, the trial court made the following findings:

 

The Court finds that allowing Petitioner to take
the requested deposition may prevent a failure or delay of justice in an
anticipated suit; the likely benefit of allowing the Petitioner to take the
requested deposition to investigate a potential claim outweighs the burden or
expense of the procedure.

 

This
language thus addresses both of the alternative justifications for such
discovery that are specified by Rule 202.4(a).

            As Johnston correctly notes, the
petition claimed only that the deposition was to obtain testimony in an
anticipated suit and that to justify a presuit deposition under that state of
affairs, the record must show that granting such would prevent a failure or
delay of justice.  He argues that no evidence
supports such a finding.  We disagree.[4]

            One significant factor bears on the
potential for a failure or delay of justice in this case.  The statute of limitations on a defamation
lawsuit against Johnston and others may very well run near the end of October
2010.  Yet, it would appear that Cortez
has been aware of Johnstons utterances since shortly after they were made and
has not actively pursued the available relief to resolution until less than two
months before the expiration of the statute of limitations.  Any emergency in that respect appears to be
of his own making.  Further, given his
knowledge as to Johnston, if Cortez believes he has a viable lawsuit against
Johnston, he could file it today, thus obviating any concern over failure or
delay of justice as to Johnston.

            Other potential parties, beyond Johnston,
pose a more sticky question and are the sole supporting reason provided by
Cortez to support his need for a deposition. 
Cortez claims that he does not know their identities and seeks to
determine such at the deposition.  This factor
would cut in favor of allowing the deposition to prevent a failure or delay of justice
in the anticipated suit.

            The second justification for
application of the pre-suit deposition rulein investigating unknown potential
partiesis whether the benefit of ordering the deposition outweighs the burden
or expense of the procedure.  The trial court
is in a better position than this Court to perform this balancing test.  Plus, public policy favors discovery of
information.  See Garcia v. Peeples, 734 S.W.2d 343, 34647 (Tex. 1987); Am. Honda Motor Co. v. Dibrell, 736
S.W.2d 257 (Tex. App.Austin 1987, orig. proceeding).

            Relator argues that Cortez should
not be able to seek relief under this subsection because it was not pled and
then that Cortez has failed to establish that the benefit of allowing the
requested depositions outweighs the burden or expense of the procedure as required
by Rule 202.  See In re Hewlett Packard, 212 S.W.3d 356, 359 (Tex. App.Austin
2006, orig. proceeding).

            Counsel for Johnston specifically
pointed out at the hearing that the only basis articulated by Cortez for the
deposition was the anticipated suit portion of the rule.  In response, Cortezs counsel acknowledged
the applicability also of the second part of the ruleinvestigating unknown
potential partiesand suggested that the burden would be light, as he was
asking for only a single, hour-long deposition. 
It was within the trial courts discretion to find that the benefits
described above outweighed the burden of one, hour-long deposition.

            Under this state of the evidence on
the arguments raised, we cannot conclude that the trial court acted outside the
parameters of its authority, or without reference to the guiding principles of
the rule at issue.  Accordingly, we find
no abuse of discretion.

 

 

 

 

 

 

 

 

 

            We deny the petition for writ of
mandamus and lift our stay of the deposition.

 

 

 

                                                                                    Josh
R. Morriss, III

                                                                                    Chief
Justice

 

Date
Submitted:          October 7, 2010          

Date
Decided:             October 8, 2010











[1]Originally
filed in the Fifth Court of Appeals, this original proceeding was transferred
to this Court by the Texas Supreme Court because all justices on the Fifth
Court of Appeals recused.  We are unaware
of any conflict between precedent of the Fifth Court of Appeals and that of
this Court on any relevant issue.  See Tex.
R. App. P. 41.3.

 





[2]Johnstons
statements related to a complaint he had earlier made to the State Judicial
Conduct Commission concerning Cortez.  We
have no information regarding whether the Commission has made any disposition
of Johnstons complaint.





[3]In
passing, we note an apparent defect in the underlying procedure, but which also
does not support issuance of a writ of mandamus here.  Rule 202.2(f)(2) requiresif suit is
anticipated, but there are unknown potential defendantsthat petitioner state
that the names cannot be ascertained through diligent inquiry.  Of course, here there were unknown potential
parties Cortez seeks to identify through the deposition.  Rule 202.3(b) provides that such [u]nnamed
persons who would be expected to have interests adverse to petitioners in the
anticipated suit are to be served by publication by describing them in lieu of
naming them.  Those requirements were not
met here, but such deficiency was not argued to the trial court as a reason to
deny the deposition and is not argued to this Court as being a defect
supporting the requested relief here. 
Rule 33.1 of the Texas Rules of Appellate Procedure requires that a
party must first present its complaint to the trial court and obtain a ruling
on that complaint in order to preserve the issue on appeal.  This requirement applies to mandamus
proceedings.  West v. Solito, 563 S.W.2d 240, 24445 (Tex. 1978) (orig.
proceeding); In re E. Tex. Med. Ctr.
Athens, 154 S.W.3d 933, 936 (Tex. App.Tyler 2005, orig. proceeding).  As one court recognized in the mandamus
context, it would be hard to conclude, without circumstances that were highly
unusual or that made a trial courts ruling void, that a trial court could
abuse its discretion in making a ruling for a reason that was never presented
to the court.  In re Bank of Am., No. 01-02-00867-CV, 2003 WL 22310800, at *2
(Tex. App.Houston [1st Dist.] Oct. 9, 2003, orig. proceeding) (mem. op., not
designated for publication).

                Several
courts of appeals have applied Rule 33.1 or its predecessor in original
proceedings.  See In re Polymerica, LLC, 271 S.W.3d 442, 448 (Tex. App.El Paso
2008, orig. proceeding); In re Senior
Living Props., L.L.C., 63 S.W.3d
594, 598 (Tex. App.Tyler 2002, orig. proceeding); In re United Supermarkets, Inc., 36 S.W.3d 619, 622 (Tex.
App.Amarillo 2000, orig. proceeding); Dallas
Fire Ins. Co. v. Davis, 893 S.W.2d 288, 293 (Tex. App.Fort Worth 1995,
orig. proceeding); Susman Godfrey, L.L.P.
v. Marshall, 832 S.W.2d 105, 109 (Tex. App.Dallas 1992, orig.
proceeding).  Whether Rule 33.1 applies
directly or only by analogy is not the critical question:  the point is that a party seeking the
extraordinary writ generally must have apprised the trial court of the
arguments on which the party later bases its mandamus petition.  See Bank
of Am., 2003 WL 22310800, at *2.





[4]There
is no suggestion or proof in this case that could support this ruling based on
a claim of any potential loss or destruction of evidence.