Affirmed and Memorandum Opinion filed April 20, 2006









Affirmed and Memorandum Opinion filed April 20, 2006.

 

 

 

 

In The

 

Fourteenth Court of Appeals

_______________

 

NO. 14-04-01016-CR

NO. 14-04-01017-CR

 

_______________

 

JERMONT MARTEZ HAIRSTON, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

                                                                                                                                               


On Appeal from the 351st District Court

Harris County, Texas

Trial Court Cause Nos. 931,833 &
931,834

                                                                                                                                               


 

M E M O R A N D
U M   O P I N I O N

Appellant, Jermont Martez Hairston, appeals his convictions
for aggravated robbery and aggravated sexual assault.  In two issues, appellant contends that (1) he
was denied his constitutional right to confront and cross-examine a witness,
and (2) the trial court coerced the jury to return a punishment verdict.  Because all dispositive issues are clearly
settled in law, we issue this memorandum opinion and affirm.  See Tex.
R. App. P. 47.4.

 








I. 
Background

On July 1, 2002, appellant held a gun to the complainant=s back as she was returning home and
forced her and her two-year-old son into her apartment.  Once inside the apartment, appellant took
approximately $600 in rent money and a plastic milk jug containing coins.  Appellant forced the complainant to perform
oral sex and have sexual intercourse with him in front of her son.  After sexually assaulting her, appellant
attempted to destroy any physical evidence by pouring hydrogen peroxide and rubbing
alcohol on her.  A maintenance worker saw appellant rushing out of the complainant=s apartment carrying a plastic
container.  He asked a female housekeeper
to check on the complainant.  The
complainant told the housekeeper about the sexual assault, and the housekeeper
called the police.  The complainant was
taken to the hospital for treatment.  A
DNA sample taken from sperm on the complainant=s underwear matched appellant=s DNA.  A jury convicted appellant of aggravated
robbery and aggravated sexual assault and assessed his punishment at
thirteen  years= imprisonment for aggravated robbery
and thirty years= imprisonment for aggravated sexual assault.  

II. 
Confrontation Clause

In his first issue, appellant complains of the maintenance
worker=s testimony concerning his
identification of appellant in a video lineup. 
Specifically, appellant contends that he was denied his right under the
Sixth Amendment of the United States Constitution to confront and cross-examine
the worker because he could not Ashow any fact concerning the video
lineup.@








At trial, appellant objected to the testimony of the worker
concerning the video lineup on the ground that it was testimony about a matter
not in evidence.  The State explained
that it was attempting to lay a predicate to introduce the tape in evidence,
and the trial court overruled appellant=s objection.  Appellant cross-examined the worker without
restriction concerning his original description of appellant and his
identification of appellant in the video lineup.  Appellant did not make any further objections
concerning the worker=s identification testimony. 
The videotape was later admitted into evidence, also without objection.

A party must make a timely and specific objection, request,
or motion at trial to preserve error for appellate review.  Tex.
R. App. P. 33.1(a).  Consequently,
a defendant waives any complaint on appeal concerning his constitutional right
to cross-examine and confront witnesses if he does not lodge a proper and
timely objection at trial.  Wright v.
State, 28 S.W.3d 526, 536 (Tex. Crim. App. 2000).  Unless apparent from the context, an
objection must be made with sufficient specificity to apprise the trial court
of the complaint. Young v. State, 826 S.W.2d 141, 150 (Tex. Crim. App.
1991).  At no point did appellant object
on the grounds that the witness=s testimony amounted to a violation of his right to confrontation,
and appellant=s objection to the witnesses=s testimony on direct-examination
regarding the video was not sufficient to apprise the trial court of appellant=s Sixth Amendment complaint.  Therefore, appellant waived any error.  

Moreover, even if appellant preserved error, he was not
deprived of his constitutional right to confront and cross-examine
witnesses.  The Sixth Amendment=s Confrontation Clause grants a
criminal defendant the right to cross-examine those who testify against him at
trial.  U.S.
Const. amend. VI; Tennessee v. Street, 471 U.S. 409, 414
(1985) (citing Douglass v. Alabama, 380 U.S. 415, 418 (1965)).  The Confrontation Clause does not bar the
admission of a witnesses=s prior statements when the witness is available at trial to
defend or explain himself.  Id.; California
v. Green, 399 U.S. 161, 164 (1970). 
Here, the witness was available at trial, and no restrictions were
placed on appellant=s cross-examination of the witness concerning the videotape
or otherwise.  Therefore, appellant=s Sixth Amendment right to
confrontation was not violated. 
Accordingly, we overrule appellant=s first issue.








III. 
Jury Charge

In his second issue, appellant contends that the trial court
erred by coercing the jury to return a punishment verdict in the aggravated
sexual assault case.  After approximately
five hours of deliberation, the jury informed the trial court that it could not
reach a decision on punishment for one of the charges because two jurors were
unwilling to negotiate.  The jury
requested further instructions, and the trial court gave a supplemental AAllen@ or Adynamite@ charge instructing the jury to
continue deliberations.[1]  Appellant did not object to the trial court=s supplemental instructions at
trial.  Nonetheless, appellant contends
that the instructions caused harm so egregious that it deprived him of a fair
and impartial punishment hearing.  See
Almanza v. State, 686 S.W.2d 157, 171 (Tex. Crim. App. 1984) (holding that
when there is no objection at trial, reversal is required if appellant shows
egregious harm resulted from error in the jury charge).








 The use of a
supplemental Allen charge has long been upheld by federal and Texas
courts.  See Allen v. United States,
164 U.S. 492, 501B02 (1896); Howard v. State, 941 S.W.2d 102, 123 (Tex.
Crim. App. 1996); Willis v. State, 761 S.W.2d 434, 437B38 (Tex. App.CHouston [14th Dist.] 1988, pet. ref=d). 
To determine the propriety of an Allen charge, we consider
whether it had a coercive effect on juror deliberation, in context and under
all circumstances.  Howard, 941
S.W.2d at 123.  

Appellant argues that the Allen charge improperly
encouraged the jurors to negotiate.  In
some contexts, identifying and addressing jurors with minority viewpoints can
be coercive.  Id. at 124.  However, here, the trial court=s information as to the two jurors Aunwilling to negotiate@ was from an unsolicited note from
the jury.  The trial court did not
attempt to identify the two jurors, and the Allen charge was addressed
to the jury as a whole.  See id. (finding
no error  when the trial court=s information as to the numerical
division of the jury was unsolicited and no attempt was made to probe the jury
or identify jurors with minority viewpoints). 
In addition, the trial court specifically instructed the jurors to
continue deliberations in an effort to arrive at a verdict acceptable to all
jurors.  The trial court also
cautioned the jurors not to arrive at a verdict unless they could agree without
doing violence to their consciences.  See
id. (finding no error in a similarly worded charge).  

Appellant also argues that the trial court=s Allen charge misled the jury
into believing that Athe entire case may or may not be retried.@ 
However, here, the trial court first accepted the jury=s verdict on the aggravated assault
charge, and then specifically stated that the further instructions were Aregarding the other charge.@ 
Therefore, there is no indication that the jury would have believed that
failure to reach a verdict on the aggravated sexual assault charge would result
in a mistrial with respect to both charges. 
Moreover, informing the jury that a mistrial may result is not, of
itself, coercive.   Stanton v. State, 535
S.W.2d 182, 184 (Tex. Crim. App. 1976); Arrevalo v. State, 489 S.W.2d
569, 570B72 (Tex. Crim. App. 1973); see
Howard, 941 S.W.2d at 124B25 (rejecting appellant=s argument that the Allen charge
given at punishment phase was coercive because the jury Amight erroneously assume that failure
to agree would result in an entirely new trial@). 
Because the Allen charge was not coercive on its face, and
appellant did not file a motion for a new trial or otherwise develop a record
showing that the jury was coerced in fact, we overrule appellant=s second issue.








Accordingly, the judgment of the trial court is affirmed.

 

 

 

 

/s/        Charles W. Seymore

Justice

 

Judgment rendered
and Opinion filed April 20, 2006.

Panel consists of
Justices Hudson, Frost, and Seymore.

Do Not Publish C Tex.
R. App. P. 47.2(b).

 











[1]  The
instructions were as follows:

 

Ladies and gentlemen, regarding the other charge, I=m going to give you what is known as an Allen charge.  I=m going
to read it to you.  >Members of the jury if this jury finds itself unable
to arrive at a unanimous verdict, it will be necessary for the court to declare
a mistrial and discharge the jury.  This
matter will still be pending and it is reasonable to assume that the jury C that the case will be tried again before another jury
at some future time.  Any such future
jury will be impaneled in the same way this jury has been impaneled and will
likely hear the same evidence which has been presented to this jury.  The questions to be determined by that jury
will be the same questions confronting you, and there is no reason to hope that
the next jury will find these questions any easier to decide than you have
found them.  With this additional
instruction, you are requested to continue deliberations in an effort to arrive
at a verdict that is acceptable to all members of the jury if you can do so
without doing violence to your conscious (sic).=