Preven Joseph JONES, Appellant,

v.

The STATE of Texas, Appellee.

No. 09–96–120 CR

Court of Appeals of Texas, Beaumont.

Submitted Nov. 19, 1998.

Decided Feb. 3, 1999.

Rehearing Overruled March 25, 1999.

Charles Freeman, Houston, for appellant.

Tom Maness, Crim. Dist. Atty., Rodney D. Conerly, Asst. Crim. Dist. Atty., Beaumont, for state.

Before BURGESS, STOVER and HILL,[1] JJ.

## OPINION

JOHN HILL, Justice (Assigned).

Preven Joseph Jones appeals his conviction by a jury of the offense of voluntary manslaughter. The court assessed his punishment at twenty years in the Texas Department of Criminal Justice, Institutional Division. We initially abated this appeal so that there might be a hearing on Jones' motion for new trial. The trial court has held such a hearing, and we are now preceding with the appeal following abatement. Jones presents eight points of error or issues, contending that: (1) the evidence is legally insufficient to support the jury's finding that he is guilty of the offense of volun-

tary manslaughter; (2) his trial attorney failed to render effective assistance of counsel on the issue of his guilt; (3) his trial attorney failed to render effective assistance of counsel on the issue of his punishment; (4) the trial court committed reversible error by denying his original motions for new trial without an evidentiary hearing (presented as two points of error or issues); (5) the trial court committed reversible error by denying his original and amended motions for new trial; (6) the trial court committed error by entering a finding of the use of a deadly weapon; and (7) the evidence is factually insufficient to support the jury's finding that he is guilty of voluntary manslaughter.

We reform the judgment to delete the affirmative deadly weapon finding because the jury's verdict does not support such a finding and the record affirmatively reflects that the trial court did not make such a finding independently from the jury's verdict. We affirm the judgment as reformed because: (1) the evidence is legally and factually sufficient to support the conviction; (2) Jones failed to establish that he received ineffective assistance of counsel at either stage of his trial; and (3) upon abatement, the trial court held a hearing on Jones' motion for new trial.

▪ Jones has two briefs before this Court, one initially filed in connection with this appeal and an amended brief filed after the resumption of the appeal following abatement. In his first brief, filed before the effective date of the new Texas Rules of Appellate Procedure, his complaints are styled as points of error. In his amended brief, filed after the effective date, his complaints are referred to as issues. In point of error number one of his original brief, Jones contends that the evidence is legally insufficient to support his conviction for voluntary manslaughter.

▪ We must determine, after viewing the evidence in the light most favorable to the prosecution, whether any rational trier of fact could have found the essential elements

---

**1.** The Honorable John Hill, sitting by assignment pursuant to Tex. Gov't Code Ann. § 74.003(b)

(Vernon 1988).

of the crime beyond a reasonable doubt. *See Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560, 573 (1979); *Moreno v. State*, 755 S.W.2d 866, 867 (Tex. Crim.App.1988). We must measure the sufficiency of the evidence by the elements of the offense as defined by the hypothetically correct jury charge for the offense. *See Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim.App.1997).

Preven Jones did not kill the victim in this case. Consequently, the jury was instructed concerning the law of parties, that a person is criminally responsible for an offense committed by the conduct of another if, acting with intent to promote or assist the commission of the offense, he solicits, encourages, directs, aids, or attempts to aid the other person to commit the offense. *See* TEX. PEN. CODE ANN. § 7.02(a)(2) (Vernon 1994).

Viewed in the light most favorable to the State, the evidence shows that for some reason, perhaps racial slurs uttered by the victim, Jones took a pistol that he shared with his acquaintances from a mail box and started running across a field to shoot the victim, saying, "I'm going to go kill this white guy." Jones' grandmother hollered at him and he returned. In the meantime, the victim and the victim's girlfriend had become involved in an argument at her house. During the argument, Jones picked up a beer bottle and threw it towards the victim as he sat in his truck, hitting the victim in the head. Subsequently, Nathan Holmes, an acquaintance of Jones, shot and killed the victim. Holmes' mother testified that after the shooting Jones came running into her house and that he was all hyped up. She said Jones told her that his grandmother had wanted someone to take the gun from him and that is how her son Nathan had got the gun. She said Jones indicated to her that he gave Nathan the gun after making threatening gestures and throwing the beer bottle at the victim. She testified that Jones was in a joking mood. From this evidence a rational juror could conclude that Jones wanted to kill the victim, started to do it himself, then assaulted the victim with a bottle and, when his grandmother intervened, gave the murder weapon to another so that he might kill the victim.

We hold that the evidence is legally sufficient to support Jones' conviction.

■ Jones does not really argue that there is no evidence to show that he assisted or encouraged Holmes in committing the offense, only that he could not have been a party to the identical sudden passion arising from an adequate cause of which Nathan Holmes was under the influence. Under the law of parties as reflected in § 7.02(a)(2), Jones need only have intended to promote or assist Holmes in the commission of the offense, not share Holmes' sudden passion arising from an adequate cause. We overrule point of error number one.

■ Jones urges in issue number eight in his brief following abatement that the evidence is factually insufficient to support his conviction. This Court has the authority to review fact questions in criminal cases. *See Clewis v. State*, 922 S.W.2d 126, 129–30 (Tex.Crim.App.1996). In reviewing Jones' claim that the evidence is factually insufficient to support his conviction, we must view "all the evidence without the prism of 'in the light most favorable to the prosecution'" and set aside the verdict only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *Clewis*, 922 S.W.2d at 129. In making this review, we must give deference to the findings of the trier of fact; we must support a finding of factual insufficiency by providing a detailed explanation of that finding so that the Texas Court of Criminal Appeals can ensure that we have accorded the proper deference to those findings; and we must review all of the evidence. *Cain v. State*, 958 S.W.2d 404, 407–08 (Tex.Crim.App.1997).

Jones merely adopts the arguments made in connection with his point of error as to the legal insufficiency of the evidence, that being that the evidence did not show that he shared Holmes' identical sudden passion arising from an adequate cause. Inasmuch as we have held that the State was not required to prove that, we overrule Jones' contention with respect to issue number eight.

In issue number two of his amended brief after abatement, Jones urges that his trial attorney did not render effective assistance

of counsel on the issue of his guilt. In order to establish his claim for ineffective assistance of counsel, Jones must first show that his trial counsel's performance was deficient to the extent that counsel failed to provide reasonably effective assistance by falling below an objective standard of reasonableness under prevailing professional norms; he must further show that but for counsel's defective performance the result of the proceeding below would have been different. *See Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 693 (1984); *Austin v. State,* 934 S.W.2d 672, 675 (Tex.Crim.App.1996).

Jones contends that his trial counsel was ineffective for not calling him to testify on his own behalf; for not calling Michael Reed, Nathan Holmes, Jr., or Edward Mayfield to testify on his behalf, and for failing to object to the trial court's submission of a "dynamite charge" to the jury.

■ After the jury wrote the trial judge a note that it was hung, the trial court submitted a supplemental charge to the jury. Such a charge is sometimes called an "Allen" charge because of the case of *Allen v. United States,* 164 U.S. 492, 17 S.Ct. 154, 41 L.Ed. 528 (1896). The charge given by the trial court was non-coercive, merely encouraging all of the jurors to reexamine his or her views and change his or her opinion if convinced it is erroneous, but not to surrender honest convictions. It was not specifically addressed to minority jurors. There is no indication that the jury had expressed how it was divided at the time it indicated that it was hung. The Texas Court of Criminal Appeals has held that there is no error in the giving of such a supplemental charge. *See Howard v. State,* 941 S.W.2d 102, 123 (Tex. Crim.App.1996). Consequently, Jones' lawyer was not ineffective for failing to object to the giving of the charge. *See Clark v. State,* 952 S.W.2d 882, 888 (Tex.App.—Beaumont 1997, no pet.).

■ Jones insists that his counsel was ineffective for preventing him from testifying, as well as failing to call Holmes, his acquaintance who shot the complainant, Michael Reed, and Edward Mayfield. All three of these witnesses testified by means of affidavit that they had been available to testify on behalf of Jones and would have testified at trial if called. Mayfield and Reed indicated that they would have testified that Jones did not aid Holmes in killing the victim and that he did not give the weapon to Holmes. Holmes testified at the hearing that he would have testified that Jones did not give him a weapon. He acknowledged giving the police a statement that Jones did give him the gun. Jones testified by affidavit that he had wished to testify in his own behalf that he had not aided Holmes in killing the victim and did not give the weapon to Holmes. Jones had two prior felony convictions.

Jones' trial attorney testified by affidavit that Jones had indicated he wanted Holmes and Mayfield to testify, and possibly another witness not germane to this discussion. He indicated that Jones discussed no other witness testifying. As to the two witnesses Jones did discuss, counsel indicated he did not call them because the State's eyewitness testified that Holmes, not Jones, brought the gun to the scene and that Jones did not give the weapon to Holmes, but, replaced it in the mailbox.

We believe that the trial court could have rationally determined that Jones had not requested to testify nor had he requested Reed to testify as a witness, and that counsel's failure to call Holmes and Mayfield was the result of reasonable trial strategy. We find that the trial court could have reasonably determined that Jones was not deprived of the effective assistance of counsel on the basis of his counsel not calling him or these witnesses. We overrule Jones' contentions with respect to issue number two.

■ In issue number three in his amended brief following abatement, Jones argues that he was deprived of the effective assistance of counsel at the punishment stage of his trial. When a claim is made of ineffective assistance of counsel at the punishment phase of a non-capital offense trial, we are to judge the effectiveness of counsel by the single standard of reasonably effective assistance of counsel set forth in *Ex parte Duffy,* 607 S.W.2d 507 (Tex.Crim.App.1980). *See Ex parte Cruz,* 739 S.W.2d 53, 58 (Tex.Crim.

App.1987). Jones contends that counsel deprived him of the right to have the jury assess his punishment by filing an election for the court to assess his punishment. The record contains no information from Jones' trial counsel as to why he filed an election for the court to assess Jones' punishment. Due to the lack of evidence as to such reason, we are unable to conclude that Jones' trial counsel's performance was deficient. *See Jackson v. State*, 877 S.W.2d 768, 771 (Tex.Crim. App.1994); *Barker v. State*, 935 S.W.2d 514, 519 (Tex.App.—Beaumont 1996, pet. ref'd). The affidavit of Jones' counsel did not address this issue, presumably because it did not constitute a basis for Jones seeking a new trial. We overrule Jones' contention with respect to issue number three.

Jones asserts in points of error numbers four and five in his original brief that the trial court committed reversible error by denying his original and amended motions for new trial without an evidentiary hearing. As previously noted, we previously abated this appeal so that the trial court might conduct such a hearing. Inasmuch as the trial court has now conducted such a hearing, no harm is shown. We overrule points of error numbers four and five.

Jones insists in issue number six of his amended brief after abatement that the trial court committed reversible error by denying his original and amended motions for new trial. He bases this point of error on the same grounds that we have already discussed in connection with issues number two and three. For the reasons stated in our discussion of those issues, we overrule Jones' contentions in connection with issue number six.

■■■ Jones submits in point of error number seven in his original brief that the trial court erred by making an affirmative deadly weapon finding. Article 42.12, § 3g(a)(2), of the Texas Code of Criminal Procedure provides for the trial court entering a deadly weapon finding in the judgment upon an affirmative finding that the defendant used or exhibited the deadly weapon or was a party to the offense and knew that a deadly weapon would be used or exhibited. TEX.CODE CRIM. PROC. ANN. art. 42.12, § 3g(a)(2) (Vernon Supp.1999). Where a case is tried entirely by a jury, a trial court is authorized to enter a deadly weapon finding only in three situations: (1) where the jury has found guilt "as alleged in the indictment" and the deadly weapon has been specifically plead using the term "deadly weapon" in the indictment; (2) the jury has found guilt "as alleged in the indictment" and the weapon, though not specifically plead as a deadly weapon, is a deadly weapon per se; or (3) the jury affirmatively answers a special issue on the use of a deadly weapon. *See Davis v. State*, 897 S.W.2d 791, 793 (Tex.Crim.App. 1995). In this case the jury found the defendant guilty of voluntary manslaughter without reference back to the indictment. It did not affirmatively answer a special issue on the use of a deadly weapon. Because none of these three conditions was met, an affirmative finding based upon the jury's verdict was not authorized. *Id.*

■■■ In *Davis*, the jury was the trier of fact in both stages of the trial. *Id.* at 792. In this case the judge was the trier of fact at the punishment stage of the trial. Where the judge is the trier of fact, he or she is authorized to make an affirmative finding where such a finding is supported by the evidence. *See Fann v. State*, 702 S.W.2d 602, 604 (Tex.Crim.App.1986) (opinion on reh'g). Consequently, the trial court in this case would have been authorized to make an affirmative finding. However, the record reflects that rather than make such a finding, the trial court asserted that the finding was based upon the jury's verdict. As we have previously noted, the jury's verdict in this case does not support a deadly weapon finding in the judgment.

■■■ Where, as here, there is no basis for making a finding based upon a jury's verdict, and where the record affirmatively reflects that the trial court, although authorized to make its own finding, does not make such a finding, the deadly weapon finding in the judgment is not authorized and must be deleted. *See Campos v. State*, 927 S.W.2d 232, 236 (Tex.App.—Waco 1996, no pet.) (affirmative finding deleted from judgment where defendant entered plea of nolo contendere

and judge upon sentencing stated that there was no deadly weapon finding).

The State, relying upon *Fann, supra,* argues that the trial court, as the trier of fact at the punishment hearing, was authorized to make such a finding. We agree that the trial court did have such authority, but again note that the record affirmatively reflects, just as it did in *Campos, supra,* that the trial court chose not to make such a finding. We sustain point of error number seven.

We reform the judgment so as to delete the affirmative finding of the use of a deadly weapon and affirm the judgment as reformed.

AFFIRMED AS REFORMED.