NO. 07-06-0406-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

OCTOBER 10, 2007
_____

DAVID RUBEN SALAZAR, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 47TH DISTRICT COURT OF POTTER COUNTY;

NO. 51,769-A; HONORABLE HAL MINER, JUDGE
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

**MEMORANDUM OPINION**

Appellant David Ruben Salazar appeals his conviction for the offense of aggravated sexual assault of a child and the jury-assessed punishment of ten years confinement in the Institutional Division of the Texas Department of Criminal Justice. Agreeing with appointed counsel's conclusion the record fails to show any meritorious issue which would support the appeal, we affirm the trial court's judgment.

The complainant was appellant's stepdaughter A.M. In May 2005, when A.M. was fourteen years old, A.M. told her aunt that appellant had sexually touched her and had

sexual intercourse with her from the time she was eight or nine years old until she was eleven or twelve. After a report to police, A.M. was examined by a sexual assault nurse.

By a November 2005 indictment, appellant was charged with aggravated sexual assault of a child under the age of fourteen years.[1] At the close of pretrial motions, appellant pled not guilty and the matter proceeded to trial in September 2006.

At trial, the jury heard testimony from four State witnesses, including the victim, A.M. The defense presented three witnesses. During jury deliberations, the jury reported it was unable to reach a verdict. Following an "*Allen* charge"[2] from the court, the jury returned a unanimous verdict of guilty.

Appellant's appointed counsel has filed a motion to withdraw and a brief in support pursuant to *Anders v. California*, 386 U.S. 738, 744-745, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), in which he certifies that he has carefully reviewed the record and, in his professional opinion, under the controlling authorities and facts of this case, there is no reversible error or legitimate grounds upon which a non-frivolous appeal can arguably be predicated. The brief discusses the procedural history of the case and sets forth a detailed recitation of the evidence produced at trial. Counsel has certified that a copy of the motion to withdraw has been served on appellant and he has informed appellant of his right to file a petition for discretionary review as required by *Ex Parte Owens,* 206 S.W.3d 670 (Tex.Crim.App. 2006). Tex. R. App. P. 48.4. Appellant has acknowledged notice by

---

[1] *See* Tex. Pen. Code Ann. § 22.021 (Vernon 2007).

[2] *Allen v. United States,* 164 U.S. 492 (1896).

counsel of his right to review the record and file a *pro se* response. *Johnson v. State*, 885 S.W.2d 641, 645 (Tex.App.--Waco 1994, pet. ref'd). By letter, this Court also notified appellant of his opportunity to submit a response to the *Anders* brief and motion to withdraw filed by his counsel. The State has not filed a brief. Appellant has filed a *pro se* response raising three issues.

In conformity with the standards set out by the United States Supreme Court, we will not rule on the motion to withdraw until we have independently examined the record. *Nichols v. State*, 954 S.W.2d 83, 86 (Tex.App.--San Antonio 1997, no pet.). If this Court determines the appeal has merit, we will remand it to the trial court for appointment of new counsel. *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App.1991).

Appellant's response first challenges the legal and factual sufficiency of the evidence to support his conviction. The indictment charged that appellant, on or about June 1, 2003, intentionally and knowingly caused his sexual organ to penetrate the female sexual organ of [A.M.], a child who was then and there younger than 14 years of age.

A legal sufficiency review determines whether, after review of the evidence in the light most favorable to the State, any trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 318-19 (1979); *Fowler v. State,* 65 S.W.3d 116, 118 (Tex.App.–Amarillo 2001, no pet.). All the evidence is reviewed, but evidence that does not support the verdict is disregarded. *See, e.g., Chambers v. State*, 805 S.W.2d 459, 461 (Tex. Crim. App. 1991). The jury's verdict is upheld unless it is irrational or unsupported by more than a mere modicum of evidence.

3

*Fowler,* 65 S.W.3d at 118 (*citing Moreno v. State,* 755 S.W.2d 866, 867 (Tex. Crim. App. 1988)).

Evidence supporting guilt, though legally sufficient, may be factually insufficient because it is so weak that the jury's verdict seems clearly wrong and manifestly unjust, or because evidence contrary to the verdict is such that the jury's verdict is against the great weight and preponderance of the evidence. *Marshall v. State*, 210 S.W.3d 618, 625 (Tex.Crim.App. 2006); *Watson v. State*, 204 S.W.3d 404, 414-15 (Tex.Crim.App. 2006); *Johnson v. State*, 23 S.W.3d 1, 11 (Tex.Crim.App. 2000). When there is a conflict in the evidence, to find the evidence factually insufficient, an appellate court must first be able to say, with some objective basis in the record, that the great weight and preponderance of all the evidence contradicts the jury's verdict. *Watson*, 204 S.W.3d at 417.

The State's four witnesses were the Amarillo police officer who took A.M.'s initial complaint, A.M., A.M.'s aunt and the sexual assault nurse examiner. A.M. was sixteen at the time of trial. Her testimony about appellant's sexual contact with her was not especially detailed, but did include direct statements that on various occasions, appellant put his penis in her vagina.

The nurse examiner testified regarding her examination of A.M. and the report she created regarding A.M. The report, which was admitted without objection, also recited A.M.'s statement that appellant "raped" her when she was younger, providing additional details. The nurse testified that all of her findings were consistent with A.M.'s history, consistent with what A.M. told her, and consistent with multiple penetrations of A.M.

4

Appellant's trial counsel offered the testimony of A.M.'s stepmother, A.M.'s mother and A.M.'s grandmother. Each of these witnesses expressed disbelief of A.M.'s allegations. While some asserted that appellant lacked the opportunity to commit the offenses A.M. alleged, none presented direct evidence contrary to the verdict.

The jury is the exclusive judge of the credibility of witnesses and of the weight to be given their testimony. *Wyatt v. State,* S.W.3d 18, 30 (Tex.Crim.App. 2000) (*citing Barnes v. State,* 876 S.W.2d 316, 321 (Tex.Crim.App. 1994)). Likewise, "reconciliation of conflicts in the evidence is within the exclusive province of the jury." *Id. (citing Losada v. State,* 721 S.W.2d 305, 309 (Tex.Crim.App. 1986)). The jury may choose to believe some testimony and disbelieve other testimony. *Id.* The jury's apparent belief of the testimony of the State's witnesses does not raise an arguably meritorious issue concerning the legal and factual sufficiency of the evidence supporting the jury's verdict.

Neither does the record raise an arguably meritorious issue with regard to the jury's assessment of punishment. Pursuant to the Penal Code,[3] an individual adjudged guilty of a first degree felony, as here, is to be punished by imprisonment for life or for any term of not more than 99 years or less than five years. Further, a fine may be imposed in an amount not greater than $10,000. The jury assessed punishment against appellant at ten years, well within the statutory range.

In appellant's second point, he alleges prosecutorial misconduct during the State's voir dire of the jury and the State's closing argument. The record reflects, however, that

---

[3] Tex. Pen. Code Ann. § 12.32 (Vernon 1994).

appellant did not object at trial to the prosecutor's voir dire statements or those made during closing argument. Because a complaint to the trial court was a prerequisite to such a complaint on appeal, appellant's second point cannot present an arguable ground for appeal. *See Jenkins v. State,* 870 S.W.2d 626, 629 (Tex.App.–Houston [1st Dist.] 1994, pet. ref'd) (having failed to object to the prosecutor's statement during voir dire, appellant has preserved nothing for review); *Cockrell v. State,* 933 S.W.2d 73, 89 (Tex.Crim.App. 1996); Tex. R. App. P. 33.1.

Lastly, appellant argues that the *Allen* charge given the jury coerced them into reaching a guilty verdict. For two reasons, the complaint is not arguably meritorious. First, in both civil and criminal cases, courts have found similar charges not to be coercive. *Stevens v. Travelers Ins. Co.,* 563 S.W.2d 223, 225 (Tex. 1978); *Freeman v. State,* 115 S.W.3d 183, 186 (Tex.App.–Texarkana 2003, pet. ref'd*); Golden v. First Nat'l Bank,* 751 S.W.2d 639, 641 (Tex.App.–Dallas 1988, no writ). Second, because no objection was made to the trial court's *Allen* charge, appellant would be required to show that it caused him actual "egregious harm," effectively denying him a fair trial. *Patrick v. State,* 906 S.W.2d 481 (Tex.Crim.App. 1995); *Almanza v. State,* 686 S.W.2d 157, 171 (Tex.Crim.App. 1985, op. on reh'g). *See also Brown v. State,* 1990 WL 51036, *3 (Tex.App.–Houston [1st Dist.] 1990, no writ) (not designated for publication) (stating that because appellant failed to object to the *Allen* charge, he cannot prevail unless the charge was erroneous and caused egregious harm). From our review of the record, such a contention would not be meritorious.

Both the United States Supreme Court and the Texas Court of Criminal Appeals have accepted the use of a supplemental *Allen* charge. *Allen v. United States,* 164 U.S. 492 (1986); *Howard v. State,* 941 S.W.2d 102, 123 (Tex.Crim.App. 1996). Here, the trial court gave a version of the *Allen* charge to the jury, addressing the jury as a whole and encouraging them to reach a verdict if they can do so without violating their conscience. *Stanton v. State,* 535 S.W.2d 182, 183 (Tex.Crim.App. 1976) (an instruction that a mistrial would have to be declared is not, of itself, coercive). *See Jones v. State,* 986 S.W.2d 358, 362 (Tex.App.–Beaumont 1999, pet. ref'd) (trial court may properly encourage jurors to reach an acceptable verdict).

Our review convinces us that appellate counsel conducted a complete analysis of the record. We have also made an independent examination of the record to determine whether there are any non-frivolous grounds on which an appeal could arguably be founded. *Penson v. Ohio*, 488 U.S. 75 (1988); *Stafford*, 813 S.W.2d at 511. We agree it presents no meritorious issue which would support an appeal. Accordingly, we grant counsel's motion to withdraw and we affirm the judgment of the trial court.


James T. Campbell
Justice


Do not publish.