

## NUMBER 13-13-00464-CR

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI – EDINBURG

---

**MARCO ARNOLDO OLVERA JR.,**                   **Appellant,**

**v.**

**THE STATE OF TEXAS,**                           **Appellee.**

---

### On appeal from the 332nd District Court
### of Hidalgo County, Texas.

---

## MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Perkes and Longoria
### Memorandum Opinion by Chief Justice Valdez

Appellant, Marco Arnoldo Olvera, challenges his conviction for aggravated robbery. *See* TEX. PENAL CODE ANN. § 29.03 (West, Westlaw through 2013 3d C.S.). By four issues, appellant contends that: (1) the trial court erred in denying the motion to suppress the victim's pre-trial identification of appellant because the photo array used by the police was impermissibly suggestive; (2) the trial court erred in denying the

subsequent motion to suppress the in-court identification of appellant because it was tainted by the impermissible pre-trial identification; (3) the trial court erred by prematurely giving the jury an *Allen* charge in violation of Texas Code of Criminal Procedure article 36.16; and, (4) the language of the supplemental *Allen* charge was coercive. We affirm.

## I.    BACKGROUND

Appellant was charged by indictment with aggravated robbery, and entered a plea of not guilty. *See id.* After a pre-trial hearing, the trial court denied appellant's motion to suppress the victim's photographic identification and his subsequent motion to suppress any in-court identification made by the victim. The victim, and sole witness, testified that he was watching a movie on his iPad at a La Quinta hotel lobby where his grandmother worked when the suspect came to him and started a conversation. The victim further testified that the suspect left briefly only to return and rob him of his watch, iPod and iPad at knifepoint. Appellant was apprehended that night for public intoxication and was identified by the victim after he was presented with a photographic array the next day. During the trial, the victim described his attacker as a Caucasian-Hispanic, wearing a gray jacket and a white t-shirt, with a little bit of hair and stubble on his face. When asked by the prosecutor to point out his attacker, in the courtroom, the victim identified appellant.

During jury deliberations, the trial court submitted a supplemental charge, or *Allen* charge, to the jury after it requested a re-reading of testimony. *See Allen v. United States*, 164 U.S. 492, 501–02 (1896). The appellant's objection to the charge was overruled. At the conclusion of the deliberations, the jury found appellant guilty of the offense as charged in the indictment, and the trial court assessed punishment at twenty-five years' imprisonment in the Texas Department of Criminal Justice. This appeal followed.

2

## II. PRE-TRIAL IDENTIFICATION

By his first issue, appellant argues that the pre-trial identification was impermissibly suggestive because in the array of photographs shown to the victim, only appellant was wearing a white shirt, matching the description given of the suspect. However, in his pre-trial motion to suppress the identification, appellant did not argue that the identification procedure used was impermissibly suggestive because appellant's clothing in the array of photographs was the same as the suspect's or because the witness was young and impressionable. In fact, appellant failed to argue that his appearance in the photographic array differed in any way from the individuals in the other photographs shown to the witness. Instead, in his motion to suppress, appellant argued that the array of photographs was impermissibly suggestive because one of the investigators prepared appellant's photo, and then used that photo to find five other photos that looked similar.

Because appellant based his pre-trial motion on an entirely different argument than he currently presents, he has failed to preserve the error for appeal. TEX. R. APP. P. 33.1 (requiring a party, in order to preserve an error for appeal, to object, state the grounds with sufficient specificity, and obtain an adverse ruling); *see also Gallo v. State*, 239 S.W.3d 757, 768 (Tex. Crim. App. 2007) (providing that appellate arguments must comport with objections at trial); *See Heidelberg v. State*, 144 S.W.3d 535, 537 (Tex. Crim. App. 2004) (holding that complaint made on appeal must comport with the complaint made in the trial court or the error is forfeited); *See Neal v. State*, No. 08-07-00232-CR, 2010 WL 160206, at *4 (Tex. App.—El Paso Jan. 13, 2010) (not designated for publication).

3

Even if the argument were preserved, we would still find that the pre-trial identification of appellant was not impermissibly suggestive. We set aside a pre-trial identification only if the procedure was so suggestive and conducive to misidentification that it would deny the defendant due process of law, if the out-of-court identification is used at trial. *Simmons v. United States*, 390 U.S. 377, 384 (1968); *Barley v. State*, 906 S.W.2d 27, 32–33 (Tex. Crim. App. 1995) (en banc); *Loserth v. State*, 963 S.W.2d 770, 771–72 (Tex. Crim. App. 1998) (en banc). "Suggestiveness" may be a result of an individual procedure or the cumulative effect of numerous procedures. *Barley*, 906 S.W.2d at 33.

Texas courts have held that identification procedures where a defendant is wearing the same clothing as the suspect are not impermissibly suggestive. *Smith v. State*, 930 S.W.2d 227, 228–29 (Tex. App.—Beaumont 1996, pet. ref'd); *see also Robinson v. State*, No. 05-10-01022-CR, 2012 WL 130616, at *2 (Tex. App.—Dallas Jan. 18, 2012) (mem. op., not designated for publication) (concluding photo array was not impermissibly suggestive when it depicted defendant wearing a blue-collared polo like one suspect was wearing); *Hopkins v. State*, No. 14-07-00531-CR, 2009 WL 508379, at *4 (Tex. App.—Houston [14th Dist.] Mar. 3, 2009, pet. ref'd) (mem. op., not designated for publication) (concluding photo array was not impermissibly suggestive when it depicted defendant wearing white muscle shirt like one suspect was described wearing); *Hudson v. State*, No. 14-07-00888-CR, 2009 WL 196060, at *5 (Tex. App.—Houston [14th Dist.] Jan. 29, 2009, pet. ref'd) (mem. op., not designated for publication) (concluding photo array was not impermissibly suggestive when it depicted defendant wearing dark-colored hooded sweatshirt similar to those worn by robbers). Furthermore, even if the defendant is the

only person in a photographic array wearing clothing matching the suspect's, the procedure is still not impermissibly suggestive. *Mungia v. State*, 911 S.W.2d 164, 168 (Tex. App.—Corpus Christi 1995, no pet.) (determining that a photo array was not impermissibly suggestive when the defendant was the only person wearing a dark colored shirt and the suspect was described as wearing a black shirt). Appellant acknowledges this case law, but contends that the present case is distinguishable because the victim is a young and impressionable child and therefore these prior holdings should not apply.[1]

However, appellant cites no case law showing that an otherwise permissible identification procedure is rendered impermissible because of the age of the person making the identification. Moreover, the Texas Court of Criminal Appeals has noted that a twelve-year-old witness's pre-trial identification of defendant is permissible and that, in fact, the child's curiosity can be a factor that increases a child's attention to detail. *Barley*, 906 S.W.2d at 35 (twelve-year-old witness had inexhaustible curiosity when viewing a robbery, in addition to a vested interest in the safety of his mother). We are unpersuaded by appellant's argument that the witness's age automatically discredits his identification of appellant. We therefore conclude that the pre-trial identification procedure was not impermissibly suggestive. *Smith*, 930 S.W.2d at 228–29; *Barley*, 906 S.W.2d at 35. Appellant's first issue is overruled.

### III.    IN-COURT IDENTIFICATION

By his second issue, appellant argues that the trial court erred when it denied appellant's motion to suppress the subsequent in-court identification because it was tainted by the impermissible photo array identification. Subsequent in-court identifications

---

[1] The victim and sole witness, was thirteen-years-old at the time of the trial.

may be deemed inadmissible if "tainted by an impermissibly-suggestive pretrial photographic identification." *Ibarra v. State*, 11 S.W.3d 189, 195 (Tex. Crim. App. 1999). To determine if an in-court identification is inadmissible, the court must consider the totality of the circumstances and determine (1) whether the out-of-court identification procedure was impermissibly suggestive, and (2) whether that suggestive procedure gave rise to a very substantial likelihood of irreparable misidentification at trial. *Simmons*, 390 U.S. at 384. Therefore, exclusion of the in-court identification is contingent on a finding that the pre-trial identification was impermissibly suggestive. *See id.* Because we have determined that appellant has not shown that the pre-trial identification procedure was impermissibly suggestive, we cannot conclude that the in-court identification was tainted. *See id.*

Moreover, even if this court were to assume that the pre-trial identification procedure was impermissibly suggestive, we would still conclude that appellant failed to show that the in-court identification was tainted.

> A defendant who contends on appeal that a trial court erred in allowing an in court identification of him . . . has a difficult and heavy burden to sustain, for unless it is shown by clear and convincing evidence that a complaining witness' in court identification of a defendant as the assailant was tainted by improper pre-trial identification procedures and confrontations, the in court identification is always admissible.

*Jackson v. State*, 628 S.W.2d 446, 448 (Tex. Crim. App. [Panel Op.] 1982).

In determining if a defendant has met his burden to show that there is a "very substantial likelihood for irreparable misidentification," a court will consider five non-exclusive factors, which were enumerated by the United States Supreme Court in *Neil v. Biggers*. 409 U.S. 188, 199–200 (1972); *see also Webb v. State*, 760 S.W.2d 263, 269 (Tex. Crim. App. 1988) (en banc); *Cantu v. State*, 738 S.W.2d 249, 252 (Tex. Crim. App.

1987) (en banc). "These factors are weighed against the corrupting effect of any suggestive identification procedures." *Barley*, 906 S.W.2d at 35. The factors include: (1) the witness's opportunity to view the criminal act; (2) the witness's degree of attention; (3) the accuracy of the suspect's description; (4) the level of certainty at the time of confrontation; and (5) the time between the crime and confrontation. *Biggers*, 409 U.S. at 199–200.

Here, a review of the *Biggers* factors show that the procedure did not increase the likelihood of irreparable misidentification at trial: (1) the witness testified that he engaged the suspect for five or six minutes, which prior courts have held is plenty of time to view the suspect, *see Cantu*, 738 S.W.2d at 252; *Ibarra*, 11 S.W.3d at 196; (2) although the witness was watching a movie, there is no mandatory assumption that the witness was not paying attention when the suspect conversed with him, and it is highly unlikely the witness was not paying attention when being robbed at knifepoint later, *see Cantu*, 738 S.W.2d at 253 (reasoning that a witness who is also a victim has a greater degree of attention than a casual bystander); (3) the witness did not give the most detailed description, but the description given was far from general, allowing a viable composition of photos matching the suspect; (4) the witness testified that he was "one-hundred percent certain" that he recognized the appellant as the attacker during the photographic lineup; and (5) the photographic lineup was presented to the witness the day after he was attacked, a short period of time between the crime and identification.

Therefore, even if the argument was preserved for appeal, appellant did not establish by clear and convincing evidence that the pretrial identification procedure was impermissibly suggestive and the subsequent in-court identification was unreliable as a

result.  *See Jackson*, 628 S.W.2d at 448; *Johnson v. State*, 891 S.W.2d 284, 286–87 (Tex. App.—San Antonio 1994, no pet.).  Appellant's second issue is overruled.

### IV.     THE TRIAL COURT'S SUBMISSION OF THE *ALLEN* CHARGE

During the guilt/innocence phase, the trial court gave a supplemental *Allen* charge following a request by the jury for the court reporter to re-read certain testimony from the trial.  *See Allen*, 164 U.S. at 501–02.  Appellant's trial counsel objected to the charge on the grounds that "the jury ha[d] not indicated they cannot reach a verdict . . . [and] going forward in this manner will irreparably cause [the] jury to do violence to their conscience and to their decisions."  The objection on this ground was overruled by the court.  By his third issue on appeal, appellant contends that the trial court erred when it prematurely gave the jury an *Allen* charge in violation of Texas Code of Criminal Procedure article 36.16.

An *Allen* charge is given to a deadlocked jury to inform them of the consequences if a verdict is not reached.  *See Allen*, 164 U.S. at 501–02.  Article 36.16 of the Texas Code of Criminal Procedure sets out when a charge may be given to the jury:

> After the argument begins no further charge shall be given to the jury unless required by the improper argument of counsel or the request of the jury, or unless the judge shall, in his discretion, permit the introduction of other testimony, and in the event of such further charge, the defendant or his counsel shall have the right to present objections in the same manner as is prescribed in Article 36.15.

TEX. CRIM. PROC. CODE ANN. art. 36.16.

Texas courts have held that a trial court does not err by giving an *Allen* charge, even before a jury has unequivocally stated it is deadlocked.  *Loving v. State*, 947 S.W.2d 615, 620 (Tex. App.—Austin 1997, no pet.); *see Black v. State*, No. 05-10-01558-CR, 2012 WL 206501, at *2 (Tex. App.—Dallas Jan. 25, 2012, pet. ref'd) (mem. op. not

8

designated for publication) (reasoning that the court could issue an *Allen* charge after the jury requested information and had been deliberating for nearly as long as the presentation of evidence in the case). The procedure in this case was similar to that followed in other cases.

Moreover, "even if the trial court erred in giving the *Allen* charge at the point which it did, such error would only be reversible if the charge, on its face, was so improper as to render jury misconduct likely or jury misconduct was demonstrated to have occurred in fact." *Bledsoe v. State*, 21 S.W.3d 615, 622 (Tex. App.—Tyler 2000, no pet.); *see Love v. State*, 909 S.W.2d 930, 936 (Tex. App.—El Paso 1995, pet. ref'd); *Davis v. State*, 709 S.W.2d 288, 291 (Tex. App.—Corpus Christi 1986, pet. ref'd). As we determine below, on its face, the charge was not so improper as to render jury misconduct likely, and there is no demonstration that jury misconduct occurred. Accordingly, the trial court did not err by presenting the *Allen* charge to the jury. *See Loving*, 947 S.W.2d at 620; *Love*, 909 S.W.2d at 936; *Davis*, 709 S.W.2d at 291. Appellant's third issue is overruled.

## V. THE LANGUAGE OF THE *ALLEN* CHARGE

By his fourth issue, appellant argues that the trial court erred because the language of the charge was coercive. An *Allen* charge is coercive if it conveys the court's opinion on the case or pressures jurors into reaching a particular verdict. *Arrevalo v. State*, 489 S.W.2d 569, 571 (Tex. Crim. App. 1973). Specifically, appellant argues that the charge focused its direction toward jurors maintaining or acquiescing with the majority's viewpoint and decision.[2]

---

[2] The *Allen* Charge in this case read as follows:

> You are instructed that in a large portion of the case, absolute certainty cannot be expected. Although the verdict must be the verdict of each individual juror, and not a mere

9

Here, the charge given by the trial court was similar to the charge upheld in *West v. State*, 121 S.W.3d 95, 108 (Tex. App.—Fort Worth 2003). In *West*, the charge was held to be non-coercive and consistent with similar instructions used throughout the state. *See id.*; *Arrevalo*, 489 S.W.2d at 571–72; *Willis v. State*, 761 S.W.2d 434, 437–38 (Tex. App.—Houston [14th Dist.] 1988, pet. ref'd); *Rodela v. State*, 666 S.W.2d 652, 652–53 (Tex. App.—Corpus Christi 1984, pet. ref'd); *Ray v. State*, 649 S.W.2d 142, 146–47 (Tex. App.—Fort Worth 1983, pet. ref'd), *superseded by rule on other grounds*, *Bee v. State*, 974 S.W.2d 184, 188–89 (Tex. App.—San Antonio 1998, no pet.).

The only significant difference between the charge in this case and the charge in *West* is the charge's conclusion. We note that the charge in *West* concludes, "[w]ith this additional instruction, you are instructed to continue deliberations *in an effort to arrive at a verdict that's acceptable to all members of the jury* if you can do so without doing violence to your conscience." *West*, 121 S.W.3d at 108 (emphasis added). The charge in this case concludes: "Therefore, you are instructed that it is your duty to decide this case, and if you can conscientiously do so, reach a verdict."

On appeal, appellant argues that the charge is unduly coercive and pressured the jury into reaching a verdict because it failed to instruct the jury to try to reach a verdict acceptable to all jurors. We find that the lack of that specific statement does not transform

---

acquiescence in the conclusion of other jurors, yet each juror should show a proper regard to the opinion of another juror. You should listen, with a disposition to be convinced, to the arguments of the other jurors. If a larger number of jurors are deciding the case one way, those in the minority should consider whether they are basing their opinion on speculation or surmise and not on the evidence in the case, keeping in mind the impression the evidence has made on a majority of the jurors of equal honesty and intellect as the minority. Bear in mind also that if you do not reach a verdict in this case, that a mistrial will be granted and that this case will be tried again to a different jury, but the next jury will be in no better position to decide the case than you are, and they will face the same questions that you are now facing.

the normally acceptable charge into one that is coercive. Like *West*, "the *Allen* charge given here does not tell the jury that one side or the other possesses the superior judgment, nor does it tell them to distrust their judgment." *Id.* at 109. Therefore appellant's argument is ultimately unpersuasive, and we conclude that the *Allen* charge issued by the trial court is not coercive. Appellant's fourth issue is overruled.

## VI. CONCLUSION

We affirm the trial court's judgment.

**/s/ Rogelio Valdez**
ROGELIO VALDEZ
Chief Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
17th day of July, 2014.